IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELIZABETH WATTS, : | |
| Plaintiff, : | |
| v. : | C. A. No. |
| LOIS J. DAWSON, ESQUIRE : | |
| Defendant. : | |

**NOTICE OF REMOVAL**

TO:   The United States District Court, District of Delaware

Defendant, Lois J. Dawson, Esquire, a citizen of the Commonwealth of Pennsylvania, with full reservation of all rights and defenses, hereby removes to this Court, pursuant to 28 U.S.C. Section 1441, the above captioned action pending in the Superior Court of the State of Delaware in and for New Castle County, under the name and style of *Elizabeth Watts v. Lois J. Dawson, Esquire,* having C. A. No. 06C-02-114 JOH. In support of removal, Defendant states as follows:

1.      Plaintiff's Complaint alleges Defendant improperly performed her duties during her legal representation of Plaintiff, who was involved in a claim against Aetna Insurance Company for denial of Plaintiff's disability benefits administered through her employer's defined benefit plan.

2.      This Court has original jurisdiction for this civil action pursuant to 28 U.S.C. §1331.

3.      Whereas this civil action is founded on a claim or right arising under the laws of the United States, Defendant Lois J. Dawson, Esquire may remove this action to this Court as a matter of right, pursuant to 28 U.S.C. §1441.

4.      The allegations set forth in Plaintiff's Complaint are based upon Defendant's legal

representation of Plaintiff in a dispute over Plaintiff's employer's defined benefit plan with Aetna Insurance Company, falling under the purview of the Employee Retirement Income Security Act ("ERISA").

5.  To properly adjudicate this civil action, the Court is required to evaluate the meritoriousness of Plaintiff's claim involving the ERISA statute, 29 U.S.C. §1001, *et seq*.

6.  Whereas this civil action involves the interpretation of the ERISA statute, this Court has jurisdiction pursuant to 28 U.S.C. §1331.

7.  Alternatively, this Court has original jurisdiction for this is a civil action pursuant to 28 U.S.C. §1332.

8.  Defendant Lois J. Dawson, Esquire may remove this action to this Court as a matter of right, pursuant to 28 U.S.C. §1441.

9.  Defendant Lois J. Dawson, Esquire is a citizen and resident of the Commonwealth of Pennsylvania.

10. Plaintiff Elizabeth Watts is a citizen and resident of the State of Delaware.

11. The amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Whereas this civil action is between citizens of different states and the amount in controversy exceeds $75,000, diversity exists and this Court has jurisdiction pursuant to 28 U.S.C. §1332.

13. Plaintiff commenced this action against Defendant in the Superior Court of the State of Delaware in and for New Castle County on February 10, 2006.

14. Pursuant to 28 U.S.C. §1446 (a), copies of the Complaint, and associated documents filed by Plaintiff in Superior Court are attached hereto as Exhibit A.

15. A true and correct copy of this Notice of Removal has been filed with the Superior Court in and for New Castle County, and copies have been served upon all adverse parties of record.

16. No prior application for removal or similar relief has been made to this or any other Court.

WHEREFORE, Defendant Lois J. Dawson, Esquire respectfully request that the action now pending in the Superior Court of the State of Delaware in and for New Castle County, be removed therefrom to this Court, and that this action be placed upon the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

Norman H. Brooks, Jr., Esquire / I.D. No. 2568
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant*

DATED: March 10, 2006

DE054764.1

# EXHIBIT A

IN THE SUPERIOR COURT OF DELAWARE
OF AND FOR NEW CASTLE COUNTY

ELIZABETH WATTS
3102 Ruby Drive
Wilmington, DE  19810

    Plaintiff

V

LOIS J. DAWSON, ESQUIRE
1525 Delaware Avenue
Wilmington DE 19806

    Defendant

**No.**

Legal Malpractice

Jury Trial of 12 Demanded

## COMPLAINT

1. Plaintiff is Elizabeth Watts a citizen and resident of the State of Delaware residing at the address first above written.

2. Defendant Lois J. Dawson is a citizen and resident of the State of Delaware and is licensed to practice law by the State of Delaware having her principle place of business at the address first above written.

3. At all times relevant Plaintiff has been permanently disabled by fiber mylagia which was /is so severe in nature that four (4) lumbar/cervical discs had to be surgically removed from Plaintiff's back.

4. At all relevant times Plaintiff had been receiving disability benefits from Aetna Insurance Company pursuant to Plaintiff's contract of insurance for disability benefits from Aetna.

5. From February of 1997 until May 2001 Aetna paid monthly disability benefits to Plaintiff in the approximate amount of $2200.0 each month.

1

6. Suddenly on or about May 2001 Aetna stopped paying benefits in violation of the terms and provisions of the subject matter disability insurance policy in force as between Plaintiff and Aetna.

7. On or about October 2001, Plaintiff retained Defendant to file what ever action/lawsuit that was necessary to have Aetna keep paying monthly disability benefits.

8. Defendant advised Plaintiff that Defendant would file a lawsuit against Aetna for unpaid past due benefits as well as for benefits to be paid until Plaintiff was no longer disabled.

9. Defendant also advised that the lawsuit she would file on Plaintiff's behalf would include a "bad faith" cause of action thereby entitling Plaintiff to an award of punitive damages and attorneys fees.

10. Upon information and belief Defendant failed to timely file the action against Aetna with the applicable contractual and/or statutory limitations period for commencing such an action.

11. As a result of Defendant's failure to timely file a lawsuit against Aetna for a reinstatement of the payment of monthly disability benefits, Plaintiff is now forever barred from being able to require Aetna to pay monthly disability benefits.

<u>COUNT ONE IN NEGLIGENCE</u>

12. Plaintiff repeats and re-alleges what is set forth in paragraphs 1 through 11 above as if the same were set forth at length herein.

13. As Plaintiff's attorney Defendant Dawson owed Plaintiff the duty to competently represent Plaintiff in her contractual dispute with Aetna as would a similarly situated transactional and/or commercial litigation lawyer.

2

14. At all times relevant, Defendant Dawson knew or should have known that the primary reason she retained Defendant Dawson was for the purpose of Dawson doing whatever was legally required to reinstate her monthly disability payments.

15. Defendant Dawson breached the duty she owed Plaintiff and deviated from the applicable standard of care expected of transactional/litigation attorneys when she failed to timely file a lawsuit against Aetna for breach of contract and for dealing in bad faith.

16. As a direct and proximate cause of Defendant Dawson's negligence, Plaintiff suffered damages by forever losing her $2200.00 monthly disability benefits as well as her ability to recover bad faith damages from Aetna.

17. Plaintiff believes, and therefore avers, that since she is permanently disabled as defined by the terms of her insurance contract with Aetna, that had Defendant timely filed an action for breach of contract against Aetna that Plaintiff would have recovered as damages past due disability benefits, an award of ongoing benefits to be paid in the future and punitive damages given Aetna's bad faith denial of said benefits.

18. Since it is the intention of Delaware tort law to ensure that the victim of a tort is fully compensated from the malfeasance of the party committing the tort, Plaintiff is entitled to recoup the contingent fee paid to Plaintiff's counsel in this case as consequential damages so that Plaintiff can be made whole.

WHEREFORE, Plaintiff demands judgment against Defendant Dawson, for an amount in excess of $100,000 together with an award of pre and post judgment interest and such other relief deemed appropriate by court or jury.

## COUNT TWO IN CONTRACT

19. Plaintiff repeats and re-alleges what is set forth in paragraphs 1 through 18 above as if the same were set forth at length herein.

20. In addition to having an attorney client relationship with Plaintiff, the Defendant Dawson and Plaintiff also had a contractual relationship.

21. In the context of her contractual relationship with Defendant Plaintiff specifically instructed Defendant to take all necessary and legal steps to ensure that Aetna was held legally accountable to pay past and future disability benefits.

22. Defendant Dawson breached the contractual duty she had to Plaintiff to timely file a lawsuit against Aetna with the applicable limitations period.

23. As a result of Defendant Dawson's contractual breach, Plaintiff suffered damages by not being able to recover for unpaid past due disability insurance benefits of approximately $105,600 as well as benefits that would accrue in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Dawson for an amount in excess of $100,000 together with an award of pre and post judgment interest and such other relief deemed appropriate by court or jury.

## COUNT THREE BREACH OF FIDUCIARY DUTY

24. Plaintiff repeats and re-alleges paragraphs 1 through 23 above.

25. Defendant Dawson owes Plaintiff the fiduciary duty of honesty fidelity and loyalty in all her dealings with Plaintiff.

26. Upon information and belief Defendant Dawson at all times relevant is and continues to be of the belief that Plaintiff is permanently disabled and cannot work.

4

27. Upon information and belief, Defendant Dawson's insurance company has told Dawson that she must defend her negligence as set forth herein by claiming that Plaintiff is not disabled, a defense that upon information and belief Defendant Dawson does not believe.

28. When an attorney has professional liability insurance, the intended third party beneficiary of that coverage is a client\s such as Plaintiff herein.

29. At common law an attorney is expected to put the loyalty he owes his/her client above his/her own pecuniary interests.

30. At common law if an attorney fully believes that his or her client has suffered a wrong and that the client is entitled to a remedy for that wrong the attorney has the fiduciary duty to ensure that the client is remedied.

31. The fiduciary duty that an attorney owes a client transcends any contractual duty an attorney has with his/her professional liability insurance carrier.

32. Attorney Dawson is in breach of the fiduciary duty she owes Plaintiff by following the instructions of her insurance company in asserting a defense that Defendant Dawson does not believe is true.

33. By placing her own financial interests above the loyalty she owed Plaintiff to promptly obtain a remedy for the wrong Plaintiff suffered Defendant Dawson has so seriously breached the fiduciary duty she owed Plaintiff that Plaintiff is deserving of an award of punitive damages so as to deter Defendant Watts from committing such breaches with prospective clients in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Dawson for an amount in excess of $100,000 together with an award of punitive damages and pre and post judgment interest and such other relief deemed appropriate by court or jury.

GIBSON & PERKINS P.C.

_____
BY: KEVIN WILLIAM GIBSON
DE. Supreme Court ID 2025
1326 King Street
Wilmington DE 19899
610.565.1708
kevingibson@gibperk.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February 2005, I served a true and correct copy of Plaintiff's Complaint upon the following by U.S Mail, first class, postage prepaid:

Norman H. Brooks, Jr., Esq.
Suite 800
913 North Market Street
Wilmington DE 19801

_____
KEVIN WILLIAM GIBSON, ESQUIRE

6

Case 1:06-cv-00165-GMS   Document 1-3   Filed 03/10/2006   Page 1 of 1

# CIVIL COVER SHEET

06-165

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS OF THE REVERSE OF THE FORM.)

## I.
**(a) PLAINTIFFS:** Elizabeth Watts

**DEFENDANTS:** Lois J. Dawson, Esquire

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: NCC
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASE, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER):
Kevin William Gibson, Esquire
Gibson & Perkins, P.C.
1326 King St.
Wilmington, DE 19899
(610) 565-1708

**ATTORNEYS (IF KNOWN)**
Norman H. Brooks, Jr., Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government
- ☐ 2 U.S. Government Defendant
- [X] 3 Federal Question
- ☐ 4 Diversity (Indicated Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | ☐ 1 | Incorporated or Principal Place Of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | [X] 2 | Incorporated and Principal Place Of business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY)

29 U.S.C. §1001, et seq.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 422 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury -- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck ☐ 650 Airline Regs ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange |
| ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine ☐ 345 Marine Product Liability | ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 690 Other **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Property Liability | ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation ☐ 220 Foreclosure | ☐ 441 Voting ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation [X] 791 Empl. Ret. Inc. SecurityAct | ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS -- Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Equipment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | ☐ 443 Housing/ Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights | Habeas Corpus: ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Right | | | ☐ 950 Constitutionality of State Statues ☐ Other Statutory Actions |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- [X] 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: [X] YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE: Jerome O. Herlihy
DOCKET NUMBER: C. A. No. 06C-02-114 JOH

DATE: 3/10/06
SIGNATURE OF ATTORNEY OF RECORD: [signature] #4695 for Norman H. Brooks, Jr. #2568

UNITED STATES DISTRICT COURT

COVER.USD