## MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

**PHILADELPHIA OFFICE**
1800 JFK BOULEVARD - SUITE 1900
PHILADELPHIA, PA 19103
(215) 564-6688
FAX (215) 564-2526

**NEW YORK OFFICE**
530 SAW MILL RIVER ROAD
ELMSFORD, NY 10523
(914) 345-3701
FAX (914) 345-3743

**MARYLAND OFFICE**
600 BALTIMORE AVENUE - SUITE 305
TOWSON, MD 21204
(410) 339-6880
FAX (410) 339-6881

ATTORNEYS AT LAW
SUITE 800
913 N MARKET STREET
WILMINGTON, DE 19801

(302) 658-6538
FAX (302) 658-6537

June 7, 2006

**NEW JERSEY OFFICE**
COOPER RIVER WEST
6981 NORTH PARK DRIVE - SUITE 300
PENNSAUKEN, NJ 08109
(856) 663-4300
FAX (856) 663-4439

**PITTSBURGH OFFICE**
707 GRANT STREET
GULF TOWER - SUITE 2600
PITTSBURGH, PA 15219
(412) 391-6171
FAX (412) 391-8804

**BUCKS COUNTY OFFICE**
10 SOUTH CLINTON STREET - SUITE 302
DOYLESTOWN, PA 18901
(267) 880-3696
FAX (267) 880-0545

NORMAN H. BROOKS, JR.
Member DE Bar
nbrooks@mooclaw.com

The Honorable Gregory M. Sleet
U.S. District Court for the District of Delaware
844 North King Street, Room 4290
Lock Box 19
Wilmington, DE 19801

Re:  Elizabeth Watts v. Lois J. Dawson
     C.A. No. 1:06-CV-00165-GMS
     Our File No. 763-74879

### Defendant's Answer to Complaint

Dear Judge Sleet:

This responds to a telephone call that I received from Your Honor's case manager to the effect that the Court had not received Defendant's Answer to Plaintiff's Complaint. I thank the Court for bringing this to my attention and apologize for not attaching it to the Notice of Removal filed March 10. Whereas the Answer was electronically filed in state court on March 8, it should have been attached to the Notice of Removal, filed March 10. Plaintiff's counsel did receive a service copy of Defendant's Answer by electronic service on March 8, when it was electronically filed, so it appears there was no prejudice to plaintiff; only delay in the Court's docket.

Please find attached a copy of Defendant's Answer and certificate of service, which were both electronically filed in state court on March 8, 2006. I again apologize for the delay and confusion caused by this oversight. Thank you for this consideration.

DE059670.1

MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

Judge Sleet
page two

                                            Respectfully submitted,

                                            By: _/s/ Norman H. Brooks, Jr._
                                                  Norman H. Brooks, Jr.

WFJ/amp

Enclosures:    1) Defendant's Answer to Complaint
                       2) Certificate of Service

cc: Kevin Gibson, Esquire

DE059670.1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ELIZABETH WATTS,   : | |
| : | |
| Plaintiff,   : | |
| : | C. A. No. 06C-02-114 JOH |
| v.   : | |
| : | JURY DEMAND & ANSWER |
| LOIS J. DAWSON,   : | |
| : | |
| Defendant.   : | |

### JURY DEMAND

COMES NOW; DEFENDANT; Lois J. Dawson, by and through the undersigned counsel, and hereby demands trial by jury of twelve on all issues herein.

### ANSWER

1. Admitted.

2. Admitted that Lois J. Dawson is admitted to the bar of the Supreme Court of Delaware, and that she maintains law offices at 1525 Delaware Avenue, Wilmington, Delaware. Subject to the foregoing, denied.

3. Admitted that Plaintiff has undergone surgery on her discs. Subject to the foregoing, denied.

4. Whereas Plaintiff has not specified all times relevant, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments of paragraph 4 of Plaintiff's Complaint.

5. Admitted that Plaintiff received monthly disability benefits in the past. Subject to the foregoing, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments of paragraph 5 of Plaintiff's Complaint.

6.  Upon information and belief, the insurer discontinued payments in or about May, 2001. Subject to the foregoing, denied.

7.  Admitted that in or about October, 2001, Plaintiff retained Defendant. Subject to the foregoing, denied.

8.  Admitted that Defendant advised Plaintiff that a lawsuit could be filed against the insurer to address her claim for past benefits and prospective relief. Subject to the foregoing, denied.

9.  Admitted that the parties discussed the feasibility of pursuing a "bad faith cause of action". Subject to the foregoing, denied.

10. Admitted that Defendant has instituted no litigation on behalf of Plaintiff. Subject to the foregoing, the averments, of paragraph 10 of Plaintiff's Complaint state a conclusion of law to which no response is required.

11. Denied.

## Count I – Negligence

12. Defendant incorporates by reference as if fully rewritten herein, all of the admissions, denials, and further answers contained in the foregoing paragraphs 1 through 11.

13. The averments of paragraph 13 of Plaintiff's Complaint state a conclusion of law concerning the duty of counsel to which no response is required.

14. Admitted that Defendant knew that Plaintiff wanted her monthly disability payments reinstated. Subject to the foregoing, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments of paragraph 14 of Plaintiff's Complaint.

15. Denied.

16. Denied.

17. Defendant is without knowledge or information sufficient to form a response to Plaintiff's beliefs set forth in paragraph 17. Subject to the foregoing, denied.

18. Denied.

### Count II – Contract

19. Defendant incorporates by reference as if fully rewritten herein, all of the admissions, denials, and further answers contained in the foregoing paragraphs 1 through 18.

20. Upon information and belief, denied.

21. Denied.

22. Admitted that Defendant has not commenced a civil action on behalf of Plaintiff. Subject to the foregoing, denied.

23. Denied.

### Count III – Breach of Fiduciary Duty

24. Defendant incorporates by reference as if fully rewritten herein, all of the admissions, denials, and further answers contained in the foregoing paragraphs 1 through 23.

25. The averments of paragraph 25 of Plaintiff's Complaint speak to one's duty and therefore states a conclusion of law to which no response is required.

26. Denied.

27. Denied. By way of further answer, Defendant does not believe that Plaintiff is disabled.

28. The averments of paragraph 28 of Plaintiff's Complaint state a conclusion of law to which no response is required.

29.  The averments of paragraph 29 of Plaintiff's Complaint state a conclusion of law to which no response is required.

30.  The averments of paragraph 30 of Plaintiff's Complaint state a conclusion of law to which no response is required.

31.  The averments of paragraph 31 of Plaintiff's Complaint state a conclusion of law to which no response is required.

32.  Denied.  By way of further answer, Defendant does not believe that Plaintiff is disabled.

33.  Denied.

## Affirmative Defenses

34.  Plaintiff fails to state a cause of action upon which relief may be granted.

35.  Plaintiff fails to state a claim for punitive damages.

36.  Plaintiff fails to state a claim for pre-judgment interest.

37.  Plaintiff has failed to mitigate her damages.

38.  Plaintiff is not disabled within the meaning of the insuring agreement with Aetna Insurance Company.

        */s/ Norman H. Brooks, Jr.*
Norman H. Brooks, Jr., Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant Tidewater Utilities*

DATED: March 8, 2006

DE053839.1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| ELIZABETH WATTS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C. A. No. 06C-02-114 JOH |
| v. | : | |
| | : | JURY DEMAND & ANSWER |
| LOIS J. DAWSON, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, **W. Frank Johnson, Jr.,** of Marks, O'Neill, O'Brien & Courtney, P.C. hereby certify that on this **8th** day of **March**, 2006, the attached **Jury Demand & Answer** was served by electronic filing in the above matter upon the following counsel of record:

    Kevin William Gibson, Esquire
    Gibson & Perkins, P.C.
    200 East State Street, #105
    Media, PA 19063

    */s/ W. Frank Johnson, Jr.*
    W. Frank Johnson, Jr.