EFiled: Mar 8 2006 2:34P
Transaction ID 10747999

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ELIZABETH WATTS, | : |
|     Plaintiff, | : |
| | :    C. A. No. 06C-02-114 JOH |
| v. | : |
| | :    JURY DEMAND & ANSWER |
| LOIS J. DAWSON, | : |
|     Defendant. | : |

## JURY DEMAND

COMES NOW; DEFENDANT; Lois J. Dawson, by and through the undersigned counsel, and hereby demands trial by jury of twelve on all issues herein.

## ANSWER

1. Admitted.

2. Admitted that Lois J. Dawson is admitted to the bar of the Supreme Court of Delaware, and that she maintains law offices at 1525 Delaware Avenue, Wilmington, Delaware. Subject to the foregoing, denied.

3. Admitted that Plaintiff has undergone surgery on her discs. Subject to the foregoing, denied.

4. Whereas Plaintiff has not specified all times relevant, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments of paragraph 4 of Plaintiff's Complaint.

5. Admitted that Plaintiff received monthly disability benefits in the past. Subject to the foregoing, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments of paragraph 5 of Plaintiff's Complaint.

DE053839.1

6. Upon information and belief, the insurer discontinued payments in or about May, 2001. Subject to the foregoing, denied.

7. Admitted that in or about October, 2001, Plaintiff retained Defendant. Subject to the foregoing, denied.

8. Admitted that Defendant advised Plaintiff that a lawsuit could be filed against the insurer to address her claim for past benefits and prospective relief. Subject to the foregoing, denied.

9. Admitted that the parties discussed the feasibility of pursuing a "bad faith cause of action". Subject to the foregoing, denied.

10. Admitted that Defendant has instituted no litigation on behalf of Plaintiff. Subject to the foregoing, the averments, of paragraph 10 of Plaintiff's Complaint state a conclusion of law to which no response is required.

11. Denied.

## Count I – Negligence

12. Defendant incorporates by reference as if fully rewritten herein, all of the admissions, denials, and further answers contained in the foregoing paragraphs 1 through 11.

13. The averments of paragraph 13 of Plaintiff's Complaint state a conclusion of law concerning the duty of counsel to which no response is required.

14. Admitted that Defendant knew that Plaintiff wanted her monthly disability payments reinstated. Subject to the foregoing, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the averments of paragraph 14 of Plaintiff's Complaint.

15. Denied.

16. Denied.

17. Defendant is without knowledge or information sufficient to form a response to Plaintiff's beliefs set forth in paragraph 17. Subject to the foregoing, denied.

18. Denied.

### Count II – Contract

19. Defendant incorporates by reference as if fully rewritten herein, all of the admissions, denials, and further answers contained in the foregoing paragraphs 1 through 18.

20. Upon information and belief, denied.

21. Denied.

22. Admitted that Defendant has not commenced a civil action on behalf of Plaintiff. Subject to the foregoing, denied.

23. Denied.

### Count III – Breach of Fiduciary Duty

24. Defendant incorporates by reference as if fully rewritten herein, all of the admissions, denials, and further answers contained in the foregoing paragraphs 1 through 23.

25. The averments of paragraph 25 of Plaintiff's Complaint speak to one's duty and therefore states a conclusion of law to which no response is required.

26. Denied.

27. Denied. By way of further answer, Defendant does not believe that Plaintiff is disabled.

28. The averments of paragraph 28 of Plaintiff's Complaint state a conclusion of law to which no response is required.

29. The averments of paragraph 29 of Plaintiff's Complaint state a conclusion of law to which no response is required.

30. The averments of paragraph 30 of Plaintiff's Complaint state a conclusion of law to which no response is required.

31. The averments of paragraph 31 of Plaintiff's Complaint state a conclusion of law to which no response is required.

32. Denied. By way of further answer, Defendant does not believe that Plaintiff is disabled.

33. Denied.

### Affirmative Defenses

34. Plaintiff fails to state a cause of action upon which relief may be granted.

35. Plaintiff fails to state a claim for punitive damages.

36. Plaintiff fails to state a claim for pre-judgment interest.

37. Plaintiff has failed to mitigate her damages.

38. Plaintiff is not disabled within the meaning of the insuring agreement with Aetna Insurance Company.

/s/ Norman H. Brooks, Jr.
Norman H. Brooks, Jr., Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant Tidewater Utilities*

DATED: March 8, 2006

DE053839.1