**GP** **GIBSON&PERKINS PC**
Attorneys at Law

SUITE 105
200 EAST STATE STREET
MEDIA, PA 19063
610.565.1708
610.565.4358 [FAX]

Kevin William Gibson
Direct Dial 610.565.1708 Ext1
kevingibson@gibperk.com

Admitted in PA and DE

June 27, 2006

Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington DE 19801

Re: Watts v Dawson 1:06-cv-165

Dear Judge Sleet:

Although I loathe getting caught up in a "trial by correspondence" I am constrained to respond to Mr. Brook's letter of today. Mr. Brook's complains that my Motion for Summary Judgment should be withdrawn as "premature". Rule 56 on its face provides that summary judgment can be pursued at any time after twenty days have expired from the commencement of an action. This case was filed in Superior Court last February thus twenty days has more than expired. What this Court is not aware of is that Plaintiff has been trying to resolve this case since as early as June 2005 as evidenced by my enclosed fax to Mr. Brooks dated June 7, 2005.

As the Court will see from Plaintiff's Summary Judgment Motion the Defendant has admitted committing legal malpractice. In an effort to minimize the expense of litigation and secure a prompt adjudication of her claim as allowed by law, Plaintiff has moved for summary judgment. In my letter yesterday I asked permission to file a memorandum in lieu of a brief as provided for in the local rules. I saw nothing in the Local Rules that would require me to first ask opposing counsel if I could proceed by memorandum. If I have not properly interpreted the Local Rules in this regard I apologize to the Court and counsel. By my reading of LR 7.1.2(b) I must ask permission of the Court to proceed by Memorandum not opposing counsel. My letter of yesterday embodied my request.

**GIBSON&PERKINS PC**
ATTORNEYS AT LAW

PAGE TWO
JUNE 27, 2006

     All I am attempting to do is secure a prompt adjudication of my client's claim. She has already been delayed by the Defendant's inexplicable removal of this action to this Honorable Court. By removing the action is not the Defendant saying that she cannot trust the judges of the State Court, before whom she regularly appears, to impartially preside over this legal malpractice action?

     The Motion for Summary Judgment contains three exhibits. The exhibits are (1) a finding by a Social Security ALJ that my client is totally disabled; (2) Defendants handwritten calculations as to what my client's monthly disability benefit should be and (3) an Affidavit of Ms. Be Jordan to whom Defendant has admitted her malpractice. Two of these three exhibits came directly from the Defendant's file so I am unsure what Mr. Brook's means when he says the Motion is not supported by "record" evidence.

     Unless ordered otherwise by the Court, Plaintiff has no intention of withdrawing her summary judgment motion and would expect the Defendant to file the appropriate response, which under the circumstances of this case, best better not be a Rule 56(f) Motion. As evidenced by Mr. Brook's enclosed letter to me of October 13, 2005 we have offered to have Plaintiff undergo an IME. In November of 2005 Plaintiff executed and tendered to the defense medical authorizations. On January 19, 2006 Mr. Brooks took a 187 page deposition of Plaintiff. Simply stated the defense has had sufficient opportunity to ferret out its defense and is in a position to respond to Plaintiff's Motion.

Respectfully submitted,

KEVIN WILLIAM GIBSON

Cc:   Norman H. Brooks, Jr. Esq.

```
JUN-07-2005(TUE) 12:18                                                          P.001

 Transaction Report
 Send (NW)
 Transaction(s) completed
 No. TX Date/Time    Destination           Duration P.#    Result    Mode
 236 JUN-07  12:18 913026586537            0°00'12" 001    OK        F ECM
```

# KEVIN WILLIAM GIBSON, ESQUIRE
## GIBSON & PERKINS, P.C.
**Attorneys and Counselors At Law**
Suite 105
200 East State Street
Media, PA 19063
kevingibson@gibperk.com

**TELEPHONE:** (610) 565-1708 Ext. 1
**FAX** (610) 565-4358

## FACSIMILE MESSAGE

TO:      Norman H. Brooks Jr., Esq.
Fax:     302.658.6537
FROM:    KEVIN WILLIAM GIBSON, ESQ
         kevingibson@gibperk.com

PAGES:   1 [Including cover sheet]

DATE:    June 7, 2005

Re:      Watts v Lois Dawson, Esquire

**ORIGINAL WILL FOLLOW VIA:**
REGULAR MAIL ___    OVERNIGHT MAIL ___ HAND-DELIVERY
**_X_ ORIGINAL WILL NOT FOLLOW**

## COMMENTS:

Mr. Brooks: Please allow this letter to confirm our call of yesterday at which time you advised that Dan Daly [who you state is presently on trial] will have primary responsibility for this file but you will be assisting him. Mr. Daly does not appear of record in the 2005 Delaware Legal Directory. Is he a member of the Delaware Bar? In any event, given your client has admitted to liability I would expect a rather short turn around time on this case. I have avoided filing a Complaint given Ms. Dawson's concession that she was negligent. Given her concession I did not feel a publicly filed Complaint was warranted. However, I will file a Complaint if this matter drags on. All that has to be done in this case is to resolve the value of the underlying law suit that was not timely filed. I would expect the carrier to make an offer by the end of the week. kwg

RX Date/Time     OCT-13-2005(THU) 13:00                                    P. 002
OCT-13-2005 14:09 From:MARKS, O'NEILL-WILM              To:16105654358      P.2/3

# MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

ATTORNEYS AT LAW
SUITE 800
913 N MARKET STREET
WILMINGTON, DE 19801

(302) 658-6538
FAX (302) 658-6537

**PHILADELPHIA OFFICE**
SUITE 1200
1880 JOHN F KENNEDY BLVD
PHILADELPHIA, PA 19103
(215) 564-6688
FAX (215) 564-2526

**NEW YORK OFFICE**
530 SAW MILL RIVER ROAD
ELMSFORD, NY 10523
(914) 345-3701
FAX (914) 345-3743

**MARYLAND OFFICE**
600 BALTIMORE AVE
SUITE 305
TOWSON, MD 21204
(410) 339-6880
FAX (410) 339-6881

**NEW JERSEY OFFICE**
SUITE 300, COOPER RIVER WEST
6981 NORTH PARK DRIVE
PENNSAUKEN, NJ 08109
(856) 663-4300
FAX (856) 663-4439

**PITTSBURGH OFFICE**
GULF TOWER, SUITE 3200
707 GRANT STREET
PITTSBURGH, PA 15219
(412) 391-6171
FAX (412) 391-8804

**BUCKS COUNTY OFFICE**
SUITE 302
10 SOUTH CLINTON STREET
DOYLESTOWN, PA 18901
(267) 880-3696
FAX (267) 880-0545

Norman H. Brooks, Jr.

October 13, 2005

Kevin William Gibson, Esquire
Gibson & Perkins, P.C.
1326 King Street
Wilmington, DE 19801

*Via Facsimile & Regular Mail*

Re:  **Watts v. Dawson**
     **Our File No. 763-74879**

Dear Mr. Gibson:

    This follows my September 12 letter to you, and the October 12 voice mail message that you left on the recorder of my forensic nurse, Rebecca Walker. Thank you for your offer to have Ms. Watts undergo an independent medical examination prior to the filing of a complaint. Although I very much appreciate the effort, a medical examination without a complete medical history is of no utility to the process. In order to have a meaningful medical examination, which could lay the framework for a subsequent arbitration or mediation, I would need to take Ms. Dawson's examination under oath, and have her execute a release authorizing me access to her current medical records. Once all of the medical providers are identified, we could be reasonably assured that we have a complete medical picture and arrange for Ms. Dawson to be examined.

DE047039 1

Rx Date/Time     OCT-13-2005(THU) 13:00                                    P. 003
OCT-13-2005 14:09 From:MARKS, O'NEILL-WILM              To:16105654358      P.3/3

MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

Kevin William Gibson, Esquire
page 2

    We could take the statement in either our Philadelphia or Delaware office, at Ms. Watts' convenience. Please let me know.

    I thank you again for your best efforts to get this off center without the filing of a complaint.

                                          Sincerely,

                                          NORMAN H. BROOKS, JR.

NHB/ccd

DE047039.1