UNITED STATES DISTRICT COURT FOR
DELAWARE

ELIZABETH WATTS                              :
3102 Ruby Drive                              :
Wilmington, DE  19810                        :
                                             :
    Plaintiff                            :
                                             :    No. 1: 06 – CV – 165 [GMS]
                                             :
                                             :
LOIS J. DAWSON, ESQUIRE                       :
1525 Delaware Avenue                          :    Legal Malpractice
Wilmington DE 19806                           :
                                             :
                                             :    Jury Trial of 12 Demanded
    Defendant                            :

---

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO OPENING BRIEF IN
SUPPORT OF THE DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
SUMMARY JUDGMENT MOTION OR ALTERNATIVE MOTION FOR
ADDITIONAL TIME TO RESPOND**

---

GIBSON & PERKINS P.C.


_____
BY: KEVIN WILLIAM GIBSON
DE. Supreme Court ID 2025
1326 King Street
Wilmington DE 19899
302.668.3992
610.565.1708
kevingibson@gibperk.com


Dated: July 27, 2006

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **ii**

**NATURE AND STAGE OF THE PROCEEDING** . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

**SUMMARY OF ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

**PLAINTIFFS ANSWER TO DEFENDANTS STATEMENT OF FACTS** . . . . . . . . **3**

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

I.    The timing and the form of Plaintiff's Summary Judgment Motion
      is in compliance with the Rules of Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

II.   Defendant's request for additional time to answer Plaintiff's Summary
      Judgment Motion must be denied as the request is not timely made under
      Rules 6(b) or 56(f) of the FRCP. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

## TABLE OF AUTHORITIES

**Cases:**

Ashton - Tate Corp. v Ross, 916 F2d 516, 520 (9th Cir. 1990)…………………     6

Lemos v Fencl, 828 F2d 616 (9th Cir. 1987) …………………………..………     4

Koplove v Ford Motor Co., 795 F2d 15, 18 (3rd Cir. 1986)…………………     8

Miller v Daimler Chrysler Corporation, 219 FRD 331 (2003)…………………     6


**Rules**

10A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure
        §2741 at 553 (1983) ………………………………………………………     8

FRCP 6(b)……………………………………………………..………………… 1 ,2, 6, 8, 9

FRCP Rule 11………………………………………………………………………..     4

FRCP 56 …………………………………………………………………………     4

FRCP 56(f)………………………………………………………………1, 2, 4, 5, 6, 7

Local Rule 7.1.1 ………………………………………………………………     8

Local Rule  7.1.2(b) ………………………………………………………………     5


Statutes:
28 USC Sec. 1446 ………………………………………………………………     4

## NATURE AND STAGE OF THE PROCEEDINGS

This is a legal malpractice case that was originally filed in the New Castle County Superior Court but then was inexplicably removed to this Court for the sole reason that although Defendant is an exclusive legal practitioner in Delaware, she apparently resides in Pennsylvania.

This case was filed in Superior Court on February 10, 2006. The malpractice Complaint was answered by Defendant on March 8, 2006. On March 13, 2006 Defendant removed the matter to this Court. Since the filing of this matter on February 10, 206 the Defendant has conducted no discovery.

On June 26, 2006 Plaintiff filed for Summary Judgment in this Court. Defendant has now moved to strike the Summary Judgment as being premature and/or for failing to conform to the requirements for such a filing in that the Motion was not accompanied with a formal brief. In her Motion to Strike Defendant asks in the alternative for additional time to Answer the Motion but said request was not a formal request for additional time as mandated by either FRCP 6(b) or FRCP 56(f).

1

## **SUMMARY OF ARGUMENT**

I.      The Motion to Strike should be denied as Plaintiff's Motion for Summary Judgment is not premature. The Motion is in compliance with the Rules of Court in that said Rules allow a memorandum of Law to be filed in lieu of a brief.

II.     The Alternative relief of more time to answer the Motion should be denied in that the request was not timely made pursuant to FRCP 56(f) and the Motion for additional time to Answer is not in compliance with FRCP 6(b) .

2

## PLAINTIFF'S COUNTER STATEMENT OF FACTS

Plaintiff is Elizabeth Watts a citizen and resident of the State of Delaware. Defendant Lois J. Dawson is licensed to practice law by the State of Delaware.

At all times relevant Plaintiff has been permanently disabled by fiber mylagia which was /is so severe in nature that four (4) lumbar/cervical discs had to be surgically removed from Plaintiff's back. Plaintiff had had a disability insurance contract with Aetna. From February of 1997 until May 2001 Aetna paid monthly disability benefits to Plaintiff in the approximate amount of $2200.0 each month.

In May 2001 Aetna claimed that Plaintiff was no longer permanently disabled and therefore stopped paying benefits in violation of the terms and provisions of the subject matter disability insurance policy.

On or about October 2001, Plaintiff retained Defendant to file what ever action/lawsuit necessary to require Aetna to resume paying monthly disability benefits. Defendant advised Plaintiff that Defendant would file a lawsuit against Aetna for unpaid past due benefits as well as for benefits to be paid until Plaintiff was no longer disabled. Defendant also advised that the lawsuit she would file on Plaintiff's behalf would include a "bad faith" cause of action thereby entitling Plaintiff to an award of punitive damages and attorneys fees. Defendant failed to timely file the action against Aetna within the applicable contractual and/or statutory limitations period for commencing such an action. As a result of Defendant's failure to timely file a lawsuit against Aetna for a reinstatement of the payment of monthly disability benefits, Plaintiff is now forever

3

barred from being able to require Aetna to pay monthly disability benefits. This lawsuit filed on February 10, 2006 followed.[1]

In a conversation with Plaintiff wherein Plaintiff's friend Be Jordan was present Defendant Dawson admitted her negligence and advised Plaintiff to file a legal malpractice action against her and stated to Plaintiff in the presence of Be Jordan that Defendant's legal malpractice insurer would pay the disability benefits that Aetna should have been paying.

Based on these record facts Plaintiff filed for Summary Judgment on June 26, 2006.

**ARGUMENT**

I.      **The timing and the form of Plaintiff's Summary Judgment Motion is in compliance with the Rules of Court.**

Federal Rule of Civil Procedure 56 on its face provides that summary judgment can be pursued at any time after twenty days have expired from the commencement of an action. Twenty days have more than expired thus Plaintiff's Summary Judgment Motion is timely. Defendant cites to no case or Rule of court to support her contention that a

---

[1] The lawsuit was initially filed in Superior Court in New Castle County. The Defendant, an exclusive legal practitioner in Delaware, inexplicably and frivolously in violation of Rule 11 removed the action to this Court citing to her residence and citizenship in Pennsylvania. See Lemos v Fencl, 828 F2d 616 (9th Cir. 1987) holding that an otherwise legally warranted removal petition can still be filed in violation of Rule 11 if the filing was frivolous or for delay. It should also be noted that in 1988 the removal statute, 28 USC Sec. 1446 was amended to include Rule 11 adherence requirements.

4

summary judgment motion can not be entertained prior to a Rule 16 scheduling
conference or preparation of a discovery plan.[2]

The contention that the Motion should be stricken because the Motion was not
accompanied by a brief is equally without merit. Pursuant to LR 7.1.2(b) of this Court if
the Court concurs, a party can file a memorandum of law in lieu of a formal brief.
Plaintiff has requested permission of the Court to file a memorandum instead of a brief
but to date the Court has not answered the request.

II.     Defendant's request for additional time to answer Plaintiff's Summary Judgment
        Motion must be denied as the request is not timely made under Rules 6(b) or 56(f)
        of the FRCP.

Without citing to applicable FRCP 6(b) or 56(f) Defendant has asked for the
alternative relief of additional time to Answer out of time, Plaintiff's Summary Judgment
Motion. This request must be denied for two reasons the first of which is the request has
been made after the time for filing an answer to the Motion has expired.

FRCP 6(b) clearly provides:

> **(b) Enlargement.** When by these rules or by a notice given thereunder or
> by order of court an act is required or allowed to be done at or within a
> specified time, the court for cause shown may at any time in its discretion
> (1) with or without motion or notice order the period enlarged if request
> therefor is made before the expiration of the period originally prescribed
> or as extended by a previous order, or (2) upon motion made after the
> expiration of the specified period permit the act to be done where the
> failure to act was the result of excusable neglect; but it may not extend the
> time for taking any action under <u>Rules 50(b) and (c)(2)</u>, <u>52(b)</u>, <u>59(b), (d)
> and (e)</u>, and <u>60(b)</u>, except to the extent and under the conditions stated in
> them.

---

[2] Also without recitation to authority the defense claims that the fact that Plaintiff has not initiated
discovery should preclude the ability to file a summary judgment.

Since Defendant has not made her request for additional time within the time frame set for her answer to Plaintiff's Summary Judgment Motion the request must be denied as set forth in FRCP Rule 6(b).[3]

Equally compelling is the fact that the Request has not been made under the dictates of FRCP 56(f).

In Miller v Daimler Chrysler Corporation, 219 FRD 331 (2003) Judge Farnan of this Court recognized that in order to get additional time to Answer a Summary Judgment Motion the non moving party must adhere to the requirements of Rule 56(f). Judge Farnan noted:

"Rule 56(f) of the Federal Rules of Civil Procedure requires a party seeking further discovery in response to a summary judgment motion to submit an affidavit stating "'with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not been previously obtained.' " Miller at 332. [Citations omitted].

In the first instance in order for a Court to consider a Rule 56(f) request, the request must be made within the timeframe of the deadline to answer the pending motion for summary judgment. Ashton - Tate Corp. v Ross, 916 F2d 516, 520 (9th Cir. 1990). Here this was not done.

Moreover, to be successful the Motion must meet the three prong test recognized by Judge Farnan above. The only additional discovery Defendant claims she needs to defend against Plaintiff's Summary Judgment Motion is to take depositions of the Aetna representatives that participated in the decision to terminate Plaintiff's disability

---

[3] In her request Defendant does not plead "excusable neglect" as referenced in FRCP 6(b) thus this potential safe harbor is equally unavailable.

6

insurance and depose Bea Jordon who gave the affidavit testimony appended to Plaintiff's Motion to the effect that Defendant admitted her negligent handling of Plaintiff's case to Ms. Jordan. This is silly. As for Ms. Jordan's affidavit, if Defendant did not make such an admission then she should have timely answered Plaintiff's Motion an appended her own affidavit to the contrary creating a factual dispute. With respect to needing to depose people from Aetna, Defendant's stated need to depose these unnamed individuals is equally silly. In the underlying matter [which was never filed due to Defendant's negligence] Defendant was of the opinion that Aetna breached its contract with Plaintiff in denying coverage. Is the Defendant now going to argue with a straight face that Aetna acted correctly in terminating Plaintiff's insurance and that Defendant would have been remiss if she timely brought suit against Aetna? Even if Defendant were to pursue such a preposterous defense she does not need to depose anyone from Aetna because Aetna terminated Plaintiff's insurance coverage under the pre text that Plaintiff was no longer fully disabled. Thus it is not anyone from Aetna that needs to be deposed but rather Defendant simply needs a medical opinion that runs contrary to the finding of permanent disability made by Social Security on July 24, 1999.

When applying the third factor of what is required to meet the requirements of Rule 56(f) the Defendant truly comes up short. The third factor requires Defendant to explain to the Court why she could not have come up with the "information" needed to resist summary judgment any sooner than now. Again the two items of "information" are a stated need to depose Aetna representatives and Ms. Jordan. As evidenced by Exhibit "A" hereto the defense has had Ms. Jordan's Affidavit since March 17, 2006 and thus has had more than three months to depose Ms. Jordan. As for Defendant's access to the

7

"information" she would need to counter the findings of Social Security (1) Defendant
was the one who suggested Plaintiff apply for social security disability and Defendant has
had Social Securities' July 24, 1999 written decision affording Plaintiff full disability in
her possession since the day the decision was issued. (2) As Evidenced by Exhibit "B"
hereto, defense counsel has been aware since July of 2005 of the particulars of Plaintiff's
lawsuit. (3) As evidenced by Exhibit "C" hereto in October of 2005 Plaintiff offered the
defense an opportunity to conduct an IME which to date the defense has not done. (4) As
evidenced by Exhibit "D" hereto Plaintiff has given the defense an open ended access to
all her medical records since November of 2005. (5) And lastly Plaintiff was extensively
deposed by Plaintiff in January of this year.

Simply stated the defense has had a year to prepare its defense to this case. The
defense has had four months to do discovery in this lawsuit but has simply sat on its
hands. In <u>Koplove v Ford Motor Co.</u>, 795 F2d 15, 18 (3rd Cir. 1986) Our Third Circuit
concluded that Rule 56(f) relief can not be afforded to litigants who have done no
discovery. "(Movant under <u>Rule 56(f)</u> must have used discovery mechanisms in timely
fashion); 10A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 2741 at
553 (1983) ("[A] request for relief under <u>Rule 56(f)</u> is extremely unlikely to succeed
when the party seeking the delay has failed to take advantage of discovery)." <u>Koplove</u> at
18. The fact that Defendant has done no discovery is further proof that the case was
removed from state court for the sole purpose of delay.[4]

---

[4] Perhaps the silliest argument made by the defense as to why Plaintiff's Motion should not be reviewed is
a claim that the Motion was filed in violation of Local Rule 7.1.1 which requires all motions to include a
"statement" that counsel conferred to try and resolve beforehand the issues that will be presented in a
motion. But as clearly cited on pages 9-10 of Defendant's Brief such a statement is not required if the
motion to be filed is dispositive. Plaintiff will bite her tongue and say no more.

<u>CONCLUSION</u>

For all the foregoing reasons, the Plaintiffs respectfully request that the Court deny the Defendant's requested relief and enter judgment on Plaintiff's summary judgment by default.

Respectfully submitted,

By: _____
KEVIN WILLIAM GIBSON, ESQ.

**GIBSON & PERKINS P.C.**
Suite 105
200 East State Street
Media PA 19063
302.668.3992
610.565.1708
kevingibson@gibperk.com

**EXHIBIT "A"**

**EXHIBIT "A"**

**EXHIBIT "A"**

**EXHIBIT "A"**

**EXHIBIT "A"**

MAR-17-2006(FRI)  10:08

P.001

```
┌─────────────────────────────────────────────────────────────────────┐
│ Transaction Report                                                    │
│                                                                       │
│ Send                                                                  │
│ Transaction(s) completed                                              │
│ No. TX Date/Time  Destination            Duration P.#  Result  Mode   │
│ 776 MAR-17  10:08 913026586537           0'00'24" 004  OK      N ECM  │
└─────────────────────────────────────────────────────────────────────┘
```

**GP** GIBSON&PERKINS PC

Attorneys at Law

SUITE 105
200 EAST STATE STREET
MEDIA, PA 19063
610.565.1708  EXT. 3
610.565.4358 [FAX]
**KEVIN WILLIAM GIBSON, ESQUIRE**

## FACSIMILE MESSAGE

TO:   Norman Brooks, Esquire

FAX #      302.658.6537

FROM:  Kevin William Gibson, Esquire

PAGES:   __4__  [Including cover sheet]

DATE:   March 17, 2006

RE:   Watts v Dawson  - Affidavit of Be Jordon

**ORIGINAL WILL FOLLOW VIA:**

☐ REGULAR MAIL   ☐ OVERNIGHT MAIL   ☐ HAND-DELIVERY
 **X  ORIGINAL WILL NOT FOLLOW**

## COMMENTS:

The information contained in this facsimile message is attorney-client privileged and confidential
information intended only for the use of the individual or entity named above.  If the reader of this

IN THE SUPERIOR COURT OF DELAWARE
OF AND FOR NEW CASTLE COUNTY

ELIZABETH WATTS                          :
3102 Ruby Drive                          :
Wilmington, DE  19810                    :
                                         :
    Plaintiff                       :
                                         :    No.  06C-02-114 JOH
        V                         :
                                         :
LOIS J. DAWSON, ESQUIRE                  :
1525 Delaware Avenue                     :    Legal Malpractice
Wilmington DE 19806                      :
                                         :
                                         :    Jury Trial of 12
Demanded                                 :
       Defendant                :

## AFFIDAVIT

      After being duly sworn according to law the undersigned does

hereby state:

   1.   Your deponent is Bell Jordan a friend of the Plaintiff Elizabeth

Watts.

   2.   On a number of occasions I would accompany Ms. Watts when she

had appointments with her lawyer Lois Dawson regarding Ms. Dawson's

representation of Ms. Watts in connection with trying to get Aetna to

reinstate disability benefits that Aetna had stopped paying by claiming

that Ms. Watts was not permanently disabled.

   3.   In my presence Ms. Dawson advised Ms. Watts that Dawson would

file a lawsuit against Aetna on Ms. Watts behalf for breach of contract

and in said lawsuit Ms. Dawson in my presence stated that Dawson

1

MAR. 16. 2006 11:07AM    PATTERSON                          NO. 2429   P. 3

P. 003

would include a claim for punitive damages because in Dawson's opinion as stated in my presence, Aetna was guilty of bad faith because in Dawson's opinion as also stated in my presence, Ms. Watts was permanently disabled.

4.    I was present at a meeting between Ms. Dawson and Ms. Watts at which time Dawson advised Ms. Watts that Dawson had committed legal malpractice because Dawson had not timely filed a lawsuit against Aetna within the required timeframes of the disability insurance policy Ms. Watts had with Aetna.

5.    In this meeting at which time Ms. Dawson candidly admitted she had committed malpractice, Ms. Dawson explained to Ms. Watts that since Dawson was insured for mistakes such as the mistake she explained she made by not filing a lawsuit against Aetna within the allotted time, Ms. Dawson advised Ms. Watts that Ms. Watts would be able to get Ms. Dawson's insurance company to pay for the disability benefits that were loss due to Ms. Dawson's failure to timely file the Aetna lawsuit.

6.    I have a specific recollection of the conversations I am discussing herein in that I was impressed with the candor being exhibited by Ms. Dawson in readily owning up for her mistakes. In fact I thought it was refreshing to see a lawyer try to make amends for an error.

7.   I have read the Answer to the Complaint that Ms. Dawson has filed

through the lawyers appointed to represent her by her insurance

company.

8.   It has been explained to me that by this Answer Ms. Dawson is

now claiming that Ms. Watts is not totally disabled.

9.   If Ms. Dawson is now claiming that Ms. Watts is not totally

disabled, Ms. Dawson is being inconsistent with everything she said and

did in my presence when she continually advised Ms. Watts that

Dawson's insurance company would see to it that Ms. Watts' ongoing

permanent disability would be remedied by just substituting Dawson's

insurance company for Aetna.

10.  I have a specific recollection of Ms. Dawson advising Ms. Watts not

to worry about anything because Ms. Dawson's insurance company

would make up for Ms. Dawson's mistakes. I have a specific recollection

of Ms. Dawson stating in this regard words to the effect "That is why I

pay the premiums".

Your deponent sayeth nothing further.

_____

Ben Jordon

Sworn to and subscribed
before me this 16th day
of March 2006.

_____

NOTARY PUBLIC

SUE A. BASS
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Feb. 20, 2009

3

**EXHIBIT "B"**

**EXHIBIT "B"**

**EXHIBIT "B"**

**EXHIBIT "B"**

**EXHIBIT "B"**

**EXHIBIT "B"**

JUN-07-2005(TUE)   12:18                                                      P. 001

Transaction Report

Send (NW)
Transaction(s) completed

| No. | TX Date/Time | Destination | Duration P.# | Result | Mode |
|-----|--------------|-------------|--------------|--------|------|
| 236 JUN-07 | 12:18 | 913026586537 | 0°00'12" 001 | OK | F ECM |

### KEVIN WILLIAM GIBSON, ESQUIRE
### GIBSON & PERKINS, P.C.
**Attorneys and Counselors At Law**
**Suite 105**
**200 East State Street**
**Media, PA 19063**
**kevingibson@gibperk.com**

| TELEPHONE: | (610) 565-1708 Ext. 1 |
|------------|------------------------|
| FAX | (610) 565-4358 |

## FACSIMILE MESSAGE

TO:        Norman H. Brooks Jr., Esq.
Fax:       302.658.6537
FROM:      KEVIN WILLIAM GIBSON, ESQ
           kevingibson@gibperk.com

PAGES:     1 [Including cover sheet]

DATE:      June 7, 2005

Re:        Watts v Lois Dawson, Esquire

**ORIGINAL WILL FOLLOW VIA:**
REGULAR MAIL _____     OVERNIGHT MAIL  __ HAND-DELIVERY
 **X   ORIGINAL WILL NOT FOLLOW**

## COMMENTS:

Mr. Brooks: Please allow this letter to confirm our call of yesterday at which time you advised that Dan Daly [who you state is presently on trial] will have primary responsibility for this file but you will be assisting him. Mr. Daly does not appear of record in the 2005 Delaware Legal Directory. Is he a member of the Delaware Bar? In any event, given your client has admitted to liability I would expect a rather short turn around time on this case. I have avoided filing a Complaint given Ms. Dawson's concession that she was negligent. Given her concession I did not feel a publicly filed Complaint was warranted. However, I will file a Complaint if this matter drags on. All that has to be done in this case is to resolve the value of the underlying law suit that was not timely filed. I would expect the carrier to make an offer by the end of the week. kwg

**EXHIBIT "C"**

**EXHIBIT "C"**

**EXHIBIT "C"**

**EXHIBIT "C"**

**EXHIBIT "C"**

**EXHIBIT "C"**

**EXHIBIT "C"**

# MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

**ATTORNEYS AT LAW**
SUITE 800
913 N MARKET STREET
WILMINGTON, DE 19801
————
(302) 658-6538
FAX (302) 658-6537

**PHILADELPHIA OFFICE**
SUITE 1200
1880 JOHN F KENNEDY BLVD
PHILADELPHIA, PA 19103
(215) 564-6688
FAX (215) 564-2526

**NEW YORK OFFICE**
530 SAW MILL RIVER ROAD
ELMSFORD, NY 10523
(914) 345-3701
FAX (914) 345-3743

**MARYLAND OFFICE**
600 BALTIMORE AVE
SUITE 305
TOWSON, MD 21204
(410) 339-6880
FAX (410) 339-6881

**NEW JERSEY OFFICE**
SUITE 300, COOPER RIVER WEST
6981 NORTH PARK DRIVE
PENNSAUKEN, NJ 08109
(856) 663-4300
FAX (856) 663-4439

**PITTSBURGH OFFICE**
GULF TOWER, SUITE 3200
707 GRANT STREET
PITTSBURGH PA 15219
(412) 391-6171
FAX (412) 391-8804

**BUCKS COUNTY OFFICE**
SUITE 302
10 SOUTH CLINTON STREET
DOYLESTOWN, PA 18901
(267) 880-3696
FAX (267) 880-0545

Norman H. Brooks, Jr.

October 13, 2005

Kevin William Gibson, Esquire
Gibson & Perkins, P.C.
1326 King Street
Wilmington, DE 19801

_**Via Facsimile & Regular Mail**_

**Re:**   **Watts v. Dawson**
          **Our File No. 763-74879**

Dear Mr. Gibson:

This follows my September 12 letter to you, and the October 12 voice mail message that you left on the recorder of my forensic nurse, Rebecca Walker. Thank you for your offer to have Ms. Watts undergo an independent medical examination prior to the filing of a complaint. Although I very much appreciate the effort, a medical examination without a complete medical history is of no utility to the process. In order to have a meaningful medical examination, which could lay the framework for a subsequent arbitration or mediation, I would need to take Ms. Dawson's examination under oath, and have her execute a release authorizing me access to her current medical records. Once all of the medical providers are identified, we could be reasonably assured that we have a complete medical picture and arrange for Ms. Dawson to be examined.

DE0470391

MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

Kevin William Gibson, Esquire
page 2


    We could take the statement in either our Philadelphia or Delaware office, at Ms. Watts' convenience.  Please let me know.

    I thank you again for your best efforts to get this off center without the filing of a complaint.


                Sincerely,


                NORMAN H. BROOKS, JR.

NHB/ccd

DB047039.1

**EXHIBIT "D"**

**EXHIBIT "D"**

**EXHIBIT "D"**

**EXHIBIT "D"**

**EXHIBIT "D"**

Rx Date/Time    DEC-01-2005(THU) 11:44                                              P. 002
DEC. 1. 2005 11:52AM    PATTERSON                                    NO. 2073    P. 2

Rx Date/Time    NOV-09-2005(WED) 13:26              3026561993                      P. 004
11/09/2005   13:28   3026561993              LAURENCELEVINSO          PAGE   04

## HIPPA COMPLIANT AUTHORIZATION TO DISCLOSE HEALTH
## INFORMATION IN ACCORDANCE WITH 45 CFR 164.508(a)

Patient Name: __Elizabeth Watts__

Date of Birth _____

Social Security No. _____

1. I authorize the use or disclosure of the above named individual's health information as described below:

2. The following individual or organization is authorized to make the disclosure:

_____

**Address** _____

_____

3. The type and amount of information to be used or disclosed is as follows:  (include dates where appropriate)

☐ complete file of entire chart
☐ incoming and outgoing correspondence
☐ problem list
☐ medication list
☐ list of allergies
☐ immunization record
☐ most recent history and physical
☐ most recent discharge summary
☐ laboratory results          from (date) _____ to (date)_____
☐ x-ray and imaging reports   from (date) _____ to (date)_____
☐ consultation reports        from (doctors' names) _____
☐ entire record
☐ other

_____
_____
_____

4. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

5. This information may be disclosed to and used by the following individual or organization: __Representative of Marks, O'Neill, O'Brien & Courtney, 913 North Market St., Suite 800, Wilmington, DE 19801__ for the purpose of: __information pertaining to pending civil litigation.__

6. I understand I have the right to revoke this authorization at any time.  I understand if I revoke this authorization I must do so in writing and present my written revocation to the Records Custodian of the health care provider listed in Paragraph (2) above. I understand the revocation will not apply to information that has already been released in response to this authorization.  I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.  Unless otherwise revoked, this authorization will expire on the following date, event or condition: _____.  If I fail to specify an expiration date, event or condition, this authorization will expire in 180 days.

DE048283.1

Rx Date/Time          DEC-01-2005(THU) 11:44                                              P. 003
   DEC. 1. 2005 11:52AM     PATTERSON                              NO. 2073  P. 3

                                                                                         P. 005
   Rx Date/Time    NOV-09-2005(WED) 13:26          3026561993                     PAGE  05
   11/09/2005  13:28    3026561993              LAURENCELEVINSO

7. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I understand I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules.

8. I understand that a photocopy of this signed authorization is as valid as the original.

_____
Signature of Patient or Legal Representative

_____
If Signed by Legal Representative, Relationship to Patient

11-30-05
Date

Signature of Witness    Kevin Gipson
                        attorney at law

UNITED STATES DISTRICT COURT FOR
DELAWARE

ELIZABETH WATTS                          :
3102 Ruby Drive                          :
Wilmington, DE  19810                    :
                                         :
          Plaintiff                      :
                                         :     No. 1: 06 – CV – 165 [GMS]
                                         :
                                         :
LOIS J. DAWSON, ESQUIRE                  :
1525 Delaware Avenue                     :     Legal Malpractice
Wilmington DE 19806                      :
                                         :
                                         :     Jury Trial of 12 Demanded
          Defendant                      :

---

## O R D E R

AND NOW this          day of                  , 2006, it is hereby Ordered and
Decreed that Defendant's Motion to Strike Plaintiff's Summary Judgment Motion or
Alternative Motion for Additional Time to Respond is DENIED.

_____
J.

UNITED STATES DISTRICT COURT FOR
DELAWARE

ELIZABETH WATTS                        :
3102 Ruby Drive                        :
Wilmington, DE  19810                  :
                                       :
        Plaintiff                      :
                                       :    No. 1: 06 – CV – 165 [GMS]
                                       :
                                       :
LOIS J. DAWSON, ESQUIRE                :
1525 Delaware Avenue                   :    Legal Malpractice
Wilmington DE 19806                    :
                                       :
                                       :    Jury Trial of 12 Demanded
        Defendant                      :

## CERTIFICATE OF SERVICE

I, Kevin William Gibson, Esquire, do hereby certify that on this the _____ day of

July, 2006, I did cause to be delivered Plaintiff's Answering Brief in Opposition to

Defendant's Motion to Strike, by electronic mail, upon the following:

Norman H. Brooks, Jr., Esq.
Marks, O'Neill, O'Brien & Courtney PC
Suite 800
913 North Market Street
Wilmington DE 19801

GIBSON & PERKINS P.C.

_____
BY: KEVIN WILLIAM GIBSON
DE. Supreme Court ID 2025
1326 King Street
Wilmington DE 19899
302.668.3992
610.565.1708
kevingibson@gibperk.com