IN THE UNITED STATES DISTRICT COURT
OF DELAWARE

ELIZABETH WATTS
3102 Ruby Drive
Wilmington, DE 19810

    Plaintiff

No. 1:06—CV— *165* [GMS]

LOIS J. DAWSON, ESQUIRE
1525 Delaware Avenue
Wilmington DE 19806

    Defendant

## RULE 16 JOINT STATUS REPORT

1. **Jurisdiction and Service.** Does the court have subject matter jurisdiction? Are all parties subject to the court's jurisdiction? Do any remain to be served?

Plaintiffs Input:

    The lawsuit was initially filed in Superior Court in New Castle County. The Defendant, an exclusive legal practitioner in Delaware, inexplicably and frivolously in violation of Rule 11 removed the action to this Court citing to her residence and citizenship in Pennsylvania. See Lemos v Fend, 828 F2d 616 (6th Cir. 1987) holding that an otherwise legally warranted removal petition can still be filed in violation of Rule 11 if the filing was frivolous or for delay. It should also be noted that in 1988 the removal statute, 28 USC Sec.1446 was amended to include Rule 11 adherence requirements. Thus while the Court has jurisdiction the concession of this point by Plaintiff shall not constitute a waiver to later contend that the removal of this action was violative of Rule 11. All parties have been served.

Defendant's Input:

    Plaintiff is a resident of the State of Delaware. Defendant is a resident of the Commonwealth of Pennsylvania, who was sued in her individual capacity. Hence, this Court has original jurisdiction pursuant to 28 U.S.C. §1331. Removal was proper and not intended to delay resolution. As a practical matter, Defendant anticipates that the claim will be resolved more expeditiously in this Court than in State Court.

    Moreover, Defendant anticipates that this Court has a better understanding of the intricacies surrounding the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et seq*.

In her Complaint, Plaintiff alleges that Defendant committed legal malpractice in her representation of a matter arising under a ERISA. Given this Court's familiarity with such claims, Defendant had a very reasonable basis for removal.

2.   **Substance of the Action.** What are the factual and legal basis for plaintiff's claims and defendant's defenses?

Plaintiffs Input:

At all times relevant Plaintiff has been permanently disabled by fiber mylagia which was us so severe in nature that four (4) lumbar/cervical discs had to be surgically removed from Plaintiffs back. Plaintiff had had a disability insurance contract with Aetna. From February of 1997 until May 2001 Aetna paid monthly disability benefits to Plaintiff in the approximate amount of $2200.0 each month.

In May 2001 Aetna claimed that Plaintiff was no longer permanently disabled and therefore stopped paying benefits in violation of the terms and provisions of the subject matter disability insurance policy.

On or about October 2001, Plaintiff retained Defendant to file what ever action/lawsuit necessary to require Aetna to resume paying monthly disability benefits. Defendant advised Plaintiff that Defendant would file a lawsuit against Aetna for unpaid past due benefits as well as for benefits to be paid until Plaintiff was no longer disabled. Defendant also advised that the lawsuit she would file on Plaintiffs behalf would include a "bad faith" cause of action thereby entitling Plaintiff to an award of punitive damages and attorneys fees. Defendant failed to timely file the action against Aetna within the applicable contractual and/or statutory limitations period for commencing such an action. As a result of Defendant's failure to timely file a lawsuit against Aetna for a reinstatement of the payment of monthly disability benefits, Plaintiff is now forever barred from being able to require Aetna to pay monthly disability benefits. This legal malpractice lawsuit filed on February 10, 2006 followed.

In a conversation with Plaintiff wherein Plaintiffs friend Be Jordan was present Defendant Dawson admitted her negligence and advised Plaintiff to file a legal malpractice action against her and stated to Plaintiff in the presence of Be Jordan that Defendant's legal malpractice insurer would pay the disability benefits that Aetna should have been paying.

Defendant's Input:

Defendant Lois Dawson contends that had she filed suit against Aetna as Plaintiff alleges, Aetna would have prevailed in that litigation. Stated otherwise, the litigation which Plaintiff Elizabeth Watts alleges should have been initiated by Defendant was without merit.

Plaintiff alleges that she received disability payments under the insuring agreement for approximately four years, at which time Aetna terminated her disability payments. During that four-year period, Plaintiff completed her education in a formal graduate program. Upon information and belief, Plaintiff completed all of her course work in her Masters of Social Work

{DE065024.1}

(MSW) degree program while maintaining a 4.0 cumulative average. Defendant contends that during the time that Plaintiff received disability payments from Aetna, she received education and training which, in conjunction with her undergraduate education, qualified her for professional counseling or other social work such that she was no longer disabled within the meaning of the insuring agreement. Hence, she was no longer entitled to receive disability payments pursuant to the insuring agreement Had Ms. Dawson initiated litigation on behalf of Plaintiff in any court, it would have been a fruitless endeavor.

As part of the decision process, Aetna received and reviewed not only Plaintiff's medical records, but letters of recommendation from Plaintiff's faculty, which supported the conclusion that her newly-acquired skills had prepared her well for employment in the field of social work. That being so, Aetna's denial was made in good faith. Had Plaintiff alleged a bad faith claim so as to claim punitive damages, that claim would likewise have failed.

Finally, upon information and belief, Plaintiff is no longer disabled within the meaning of the insuring agreement. Even so, she remains unemployed. That being so, Plaintiff has failed to mitigate her damages.

3. **Identification of Issues.** What factual and legal issues are genuinely in dispute?

Plaintiffs Input:

Since Defendant admitted her negligence to Plaintiff and a third party Plaintiff contends that liability is not an issue in the case. Notwithstanding that Plaintiff is presently receiving full permanent disability from the Unites States Office of Social Security; the only factual issue that could remotely be in dispute is whether Plaintiff is permanently disabled.

Defendant's Input:

Defendant's negligence is very much in issue, as is causation and damages. Upon information and belief, the fact that Plaintiff may continue to receive social security disability payments is not dispositive of the issues.

4. **Narrowing of Issues**. Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?

Plaintiffs Input:

Plaintiff has a motion for summary judgment pending that should be dispositive of all issues. The Defendant failed to answer the motion for summary judgment and thus it is Plaintiffs position that the relief requested in the motion should be granted by default.

Defendant's Input:

Defendant contends that no properly-filed motion for summary judgment is currently pending before the Court. Upon receiving service of Plaintiff's purported motion for summary

{DE065024.1}

judgment, the undersigned counsel, by letter of June 26, wrote to Mr. Gibson in an effort to bring to his attention the fact that no brief had been submitted in support of the motion, and that whereas no agreement to proceed in any other manner than on briefs had been reached, Plaintiff had violated the requisites of Local Rule 7.1.3. Therefore, the undersigned requested that he immediately withdraw the motion without prejudice to file it later and in the alternative, requested that he file a supporting brief that complied with Local Rule 7.1.3. Rather than respond to the inquiry without the Court's involvement, Mr. Gibson, later that day, wrote directly to the Court in an effort to have the Court *sua sponte* Order that Plaintiff could proceed by means of a memorandum in lieu of an opening brief.

In sum, Defendant contends that no properly-filed motion for summary judgment is currently before the Court. In an abundance of caution, Defendant has filed a motion to strike Plaintiff's motion on the basis of, *inter alia* the reasons cited above.

Finally, Defendant contends that at the close of discovery, the record will demonstrate that Defendant is entitled to summary judgment. Had Defendant initiated the ERISA litigation of which Plaintiff complains, that litigation would have proceeded through this Court in such a way that Plaintiff would have been entitled to no discovery. The Court's review would have been limited to a review of the administrative record. Upon information and belief, the evidence will demonstrate that Aetna's determination that Plaintiff was not disabled was made in good faith. In order to prevail on the underlying claim, Plaintiff would have been required to demonstrate that Aetna's discontinuation of benefits was made in bad faith. This Plaintiff can not demonstrate, either in this or the underlying action.

5.     **Relief.** What specific relief does plaintiff seek? What is the amount of damages sought and generally how is it computed?

Plaintiffs Input:

If Plaintiff lives to her full life expectancy, Plaintiff would have been paid $259,000.00 in disability benefits under the subject matter policy that Aetna wrongfully terminated. Plaintiff also would have been entitled to bad faith damages in that there was no credible evidence of record that Plaintiff was not fully disabled with the context of the subject matter insurance policy. This disability benefit of $259,000.00 was "computed" by Defendant in a handwritten note that is appended to Plaintiffs Summary Judgment Motion wherein Defendant Dawson calculated Plaintiffs monthly disability benefit to be $984.01.

Defendant's Input:

Plaintiff's calculation assumes that she is wholly disabled and unable to work in any income-generating capacity for the rest of her life. Given her excellent performance at the master's level, it seems reasonable to believe that she is able to work in some professional capacity that rewards her at a minimum, at the same level of compensation that she received while employed by the Colonial School District. Moreover, Defendant contends that the amounts Plaintiff received in the future from Aetna, if any, would be reduced by amounts received from the Social Security Administration. Finally, were Plaintiff to receive a lump sum

{DE065024.1}

award as a result of a settlement or verdict, Plaintiff's actual damages would be reduced to reflect the present day value of a lump sum payment.

6. **Amendment of Pleadings?**

Plaintiffs Input:

None by Plaintiff at this time.

Defendant's Input:

None by Defendant at this time.

7. **Joinder of Parties?**

Plaintiffs Input:

None by Plaintiff.

Defendant's Input:

None by Defendant at this time.

8. Discovery. Discovery contemplated by each party and the amount of time it may take to complete discovery? Can discovery be limited? Are less costly and time-consuming methods available to obtain necessary information?

Plaintiffs Input:

Plaintiff need to take the Defendant's deposition. In October of 2005 Plaintiff offered the defense an opportunity to conduct an IME which to date the defense has not done. Plaintiff has given the defense an open ended access to all her medical records since November of 2005. Plaintiff was extensively deposed by Plaintiff in January of this year.

Defendant's Input:

Discovery in this matter should take no longer than six months. Although Plaintiff's need for discovery is rather modest, Defendant's scope of discovery includes areas of which Plaintiff has no interest. Defendant must depose the decision makers at Aetna Insurance in an effort to learn their decision-making process, including the medical records received and reviewed, the academic records received and reviewed, and the chronology.

Defendant will need to amass Plaintiff's complete medical history, including all test results and medical charts, and have those records reviewed by a physician and/or vocational rehabilitation specialist. Defendant will likely be required to subject Plaintiff to a medical examination by an appropriate medical expert, and undergo a functional capacities examination

{DE065024.1}

in an effort to determine any restrictions or limitations she would have in the work place.

Defendant will likely be required to engage two experts of a non-medical nature; an economist to reduce Plaintiff's damages to present day value, and a legal expert to speak to Aetna's decision making process and the lack of merit in the underlying action, had it been initiated.

9. **Estimated trial length. Is** it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?

Plaintiffs Input:

One week.

Defendant's Input:

Eighteen Hours per side.

10. **Jury Trial?** Plaintiffs Input:

Jury trial has been demanded and preserved.

Defendant's Input:

Jury Trial has been demanded and preserved.

11. Settlement. Have there been settlement discussions? What are the prospects for settlement? Is referral to the Magistrate for medication or other ARD mechanism appropriate?

Plaintiffs Input:

In July of 2005 made a settlement demand of $181,000.00 which was akin to a workers compensation lump sum settlement of Plaintiffs full claim of $259,000.00 Defendant countered with $35,000.00 which was rejected. Defendant has made no further offer. Plaintiff proposed in August of last year that the case be submitted to retired Superior Court Judge Bifferato as a high low arbitration. The defense never replied to this suggestion.

Defendant's Input:

By letter of July 14, 2005, the undersigned extended Plaintiff attorney an offer of settlement in the amount of $20,000.00. Upon receiving a reduced demand, the undersigned counsel, by letter of August 22, 2005, extended Plaintiff a settlement offer in the amount of $35,000.00. This was considered a reasonable settlement proposal for two reasons. First, this amount fairly represented Plaintiff's loss earnings from the time Aetna discontinued her disability payments until the time of the offer in August, 2005, allowing a portion of the amount

{DE065024.1}

for a reasonable attorney fee. Second, that amount fairly approximated the costs of defense in order to accomplish the necessary discovery to get the case in a posture for Defendant's anticipated motion for summary judgment. Arbitration at this juncture would be inappropriate and inefficient as the depositions of Aetna's claim representatives may require an order of the Court.

Defendant's Input:

12. Such other matters as counsel considers conductive to the just, speedy and inexpensive determination of this action.

Plaintiffs Input:

The Court should grant Plaintiffs pending Motion for Summary Judgment by default.

Defendant's Input:

The Court should grant Defendant's motion to strike plaintiff's motion for summary judgment on the basis cited in the motion and in the alternative, should grant Defendant sixty days to take the discovery depositions of Aetna's claim representatives and file its response.

13. A statement that counsel for the parties have conferred about each of the above matters.

Plaintiffs Input:

On August 18, 2006 counsel for Plaintiff prepared the format of this Report and inputted Plaintiffs responses therein and then sent the Report by email attachment in Word format to defense counsel so that the defense can input what it felt was appropriate. Given that it is the opinion of Plaintiffs counsel that the removal of this action was violative of Rule 11 and given that it is the further opinion of Plaintiffs counsel that the defense of this matter has been conducted in bad faith given the admissions of record of the Defendant herself, counsel for Plaintiff believes it would be counter productive for counsel to "confer" in person.

Defendant's Input:

Regardless of the undersigned's personal convictions about the merits of Plaintiff's claim, he was willing to meet and confer, in order to accomplish the instant joint status report. Attached as Exhibit A, is a copy of the undersigned's letter to Mr. Gibson wherein he offered several days for the conference.

Upon receipt and review of the letter attached as Exhibit A, Mr. Gibson responded with the letter attached as Exhibit B wherein he set forth his basis for his refusal to meet or otherwise

{DE065024.1}

confer about the issues set forth in the Court's Order.

                              GIBSON & PERKINS P.C.

                              BY: KEVIN WILLIAM GIBSON
                              DE. Supreme Court ID 2025
                              1326 King Street
                              Wilmington, DE 19899
                              610.565.1708
                              302.668.3992
                              kevingibson@gibperk.com

                              MARKS, O'NEILL, O'BRIEN
                                & COURTNEY, PC

                              */s/ NORMAN H. BROOKS, JR.*

                              BY:  NORMAN H. BROOKS, JR.
                              DE:  Supreme Court ID 2568
                              913 North Market Street, #800
                              Wilmington, DE  19801
                              302.658.6538
                              nbrooks@mooclaw.com

EXHIBIT A

## MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

ATTORNEYS AT LAW
SUITE 800
913 N MARKET STREET
WILMINGTON, DE 19801

(302) 658-6538
FAX (302) 658-6537

**PHILADELPHIA OFFICE**
SUITE 1200
1880 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19103
(215) 564-6688
FAX (215) 564-2526

**NEW YORK OFFICE**
530 SAW MILL RIVER ROAD
ELMSFORD, NY 10523
(914) 345-3701
FAX (914) 345-3743

**MARYLAND OFFICE**
600 BALTIMORE AVE
SUITE 305
TOWSON, MD 21204
(410) 339-6880
FAX (410) 339-6881

**NEW JERSEY OFFICE**
SUITE 300, COOPER RIVER WEST
6981 NORTH PARK DRIVE
PENNSAUKEN, NJ 08109
(856) 663-4300
FAX (856) 663-4439

**PITTSBURGH OFFICE**
GULF TOWER, SUITE 3200
707 GRANT STREET
PITTSBURGH, PA 15219
(412) 391-6171
FAX (412) 391-8804

**BUCKS COUNTY OFFICE**
SUITE 302
10 SOUTH CLINTON STREET
DOYLESTOWN, PA 18901
(267) 880-3696
FAX (267) 880-0545

August 16, 2006

Kevin William Gibson, Esquire
Gibson & Perkins, P.C.
200 East State Street
Media, PA 19063

*VIA FACSIMILE: (610) 565-4358*

**Re:   Watts v. Dawson**
       **Our File No. 763-74879**

Dear Mr. Gibson:

As you know, counsel is required to conduct a meeting to discuss the nature and bases of the claims and defenses, to negotiate a possible settlement or resolution of the case, and to draft a discovery plan as required by Rule 26(f). Each party's attorney is under a duty to participate in good faith in the framing of a discovery plan if a plan is proposed.

In an effort to proceed toward discovery, I offer the following dates in which to conduct this meeting at either your office or ours:

> August 18, 2006
> August 21, 2006
> August 22, 2006
> August 23, 2006
> August 24, 2006
> August 25, 2006

DE063726.1

MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

Mr. Gibson
page two

Thank you for your attention to this.

Sincerely,

NORMAN H. BROOKS, JR.
REBECCA D. WALKER, BSN

DE063726.1

**EXHIBIT B**

**GP** GIBSON&PERKINS PC
Attorneys at Law

| | |
|---|---|
| SUITE 105 | Edward L. Perkins* |
| 200 E STATE STREET | Kevin Gibson+ |
| MEDIA, PA 19063 | Arij Faruqi |
| 610.565.1708 | Anish Patel* |
| 610.565.4358 [FAX] | Janice Matier*+ |
| | Eric George* |
| DELAWARE OFFICE: | Richard Welsh |
| 1326 KING STREET | |
| WILMINGTON DE 19899 | OF COUNSEL: |
| 302.668.3992 | Victoria Schutt* |
| | |
| Kevin William Gibson | *LLM in Taxation |
| Direct Dial 610.565.1708 Ext1 | +Admitted in Pa |
| kevingibson@gibperk.com | and Delaware |

July 26, 2006

Norman H. Brooks, Jr., Esq.
Marks, O'Neill, O'Brien & Courtney PC
Suite 800
913 North Market Street
Wilmington DE 19801

Via Facsimile Only

                Watts v Dawson

Dear Mr. Brooks:

    I have in hand your recent letter asking me to commit to dates to meet and propose a discovery plan.

    Haven't I made it clear that with the exception of needing to take your client's deposition to buttress my bad faith claim against you and Ms. Dawson's insurance company, I do not need any discovery? My client's treating physicians are ready to testify to her ongoing permanent disability. I have engaged Delaware Attorney Steven Hampton to act as my legal expert. I have engaged Mr. Hampton notwithstanding the fact that your client has admitted her negligence which should obviate the need to have an expert.

    Secondly why would I engage in the unnecessary expense of discovery while my Motion for Summary Judgment is pending?

**GIBSON&PERKINS PC**
ATTORNEYS AT LAW

---

PAGE TWO
AUGUST 18, 2006

     No doubt you will attempt to use this letter in some fashion to paint a picture that I am not acting in good faith. My answer to that will be that there is nothing in the context of "good faith" that would require me to participate in unnecessary discovery if I am prepared for trial. I have acted in good faith for over a year beginning with my offer in June of 2005 to refrain from filing a Complaint to avoid your client being embarrassed by her mistakes.

     Why would I meet with you to discuss the "claims and defenses" of this case. You have no defenses and you have been aware of Plaintiff's claims for more than a year.

     Why do we need to meet "to negotiate a possible settlement or resolution of the case" when you have known the terms of my settlement demand of $181,000.00 since last July. Your counter of $35,000.00 was rejected and you have yet to come back with an appropriate offer. I suggested in August of last year that we submit the matter to Judge Bifferato as a high low arbitration. You did not respond.

     When we meet with the Court in September I am going to ask for the earliest trial date possible.

     By email you will receive my insertions into the Pre Trial Conference Report that must be filed by September 7, 2006.

Very truly yours,

KEVIN WILLIAM GIBSON