MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

ATTORNEYS AT LAW
SUITE 800
913 N MARKET STREET
WILMINGTON, DE 19801

(302) 658-6538
FAX (302) 658-6537

PHILADELPHIA OFFICE
1800 JFK BOULEVARD - SUITE 1900
PHILADELPHIA, PA 19103
(215) 564-6688
FAX (215) 564-2526

NEW YORK OFFICE
530 SAW MILL RIVER ROAD
ELMSFORD, NY 10523
(914) 345-3701
FAX (914) 345-3743

MARYLAND OFFICE
600 BALTIMORE AVENUE - SUITE 305
TOWSON, MD 21204
(410) 339-6880
FAX (410) 339-6881

NEW JERSEY OFFICE
COOPER RIVER WEST
6981 NORTH PARK DRIVE - SUITE 300
PENNSAUKEN, NJ 08109
(856) 663-4300
FAX (856) 663-4439

PITTSBURGH OFFICE
707 GRANT STREET
GULF TOWER - SUITE 2600
PITTSBURGH, PA 15219
(412) 391-6171
FAX (412) 391-8804

BUCKS COUNTY OFFICE
10 SOUTH CLINTON STREET - SUITE 302
DOYLESTOWN, PA 18901
(267) 880-3696
FAX (267) 880-0545

NORMAN H. BROOKS, JR.
Member DE Bar
nbrooks@mooclaw.com

January 22, 2007

The Honorable Gregory M. Sleet
U. S. District Court
844 North King Street
Lock Box 19
Wilmington, DE 19801

**Re: Watts v. Dawson**
**C. A. No. 1:06-CV-00165-GMS**
**Our File No. 763-74879**

## Request for Continuance of Court Conference

Dear Judge Sleet:

This responds to Mr. Gibson's letter of January 18, 2007 in the captioned civil action. Contrary to the clear requirements of *Fed. R. Civ. P.* 26(a)(2)(A) and contrary to Plaintiff's prior representations, Plaintiff has now, for the first time, identified opinions to be offered by this expert.

The Rule requires the voluntary disclosure of the identity of any person who may be used at trial as an expert witness to present evidence under Federal Rules 702, 703, or 705. Clearly, Dr. Bergman should have been voluntarily identified months ago.

Morever, during the September 14, 2006 scheduling teleconference, when Your Honor asked Plaintiff's counsel "what kind of expert do you have," counsel replied that he had a "legal expert" and no more. Finally, in Plaintiff's responses to Defendant's Motion to Compel, filed only two weeks ago, Plaintiff's counsel represented that Plaintiff is not offering an expert opinion on Plaintiff's vocational outlook.

Whereas Plaintiff has only now identified this opinion, the prospects for reaching a mediated resolution at the Settlement Conference scheduled for chambers this Thursday, January 25, are not encouraging. For this reason, as well as those set forth in Defendant's Motion to Compel, Defendant respectfully requests the Court to continue the settlement conference for sixty days so as to allow these issues to resolve. This brief continuance will likely increase the chances of an agreed-upon resolution between the parties. Thank you for this consideration.

Respectfully submitted,

/s/ Norman H. Brooks, Jr.

NORMAN H. BROOKS, JR.
THEODORE J. SEGLETES, III

NHB/tjs