**GP GIBSON&PERKINS PC**
Attorneys at Law

SUITE 105
200 E STATE STREET
MEDIA, PA 19063
610.565.1708
610.565.4358 [FAX]

DELAWARE OFFICE:
1326 KING STREET
WILMINGTON DE 19899
302.668.3992

Kevin William Gibson
Direct Dial 610.565.1708 Ext1
kevingibson@gibperk.com

Edward L. Perkins*
Kevin Gibson+
Arij Faruqi
Anish Patel*
Janice Matier*
Eric George*
Richard Welsh

OF COUNSEL:
Victoria Schutt*

*LLM in Taxation
+Admitted in Pa
and Delaware

January 23, 2006

Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington DE 19801

Re: Watts v Dawson 1:06-cv-165

Dear Judge Sleet:

    I have read Mr. Brook's letter of January 22, 2007 asking your Honor to continue the Mediation/Settlement Conference set for January 25, 2007. Mr. Brooks bases this request on his perception that my letter of January 18, 2007 enclosing Dr. Bergman's report and stating that I intended to rely upon same has in Mr. Brook's mind violated my obligation to disclose the identity of Plaintiff's experts. Dr. Bergman is one of Plaintiff's treating physician a fact know to Mr. Brooks since he was provided with Dr. Bergman's earlier report of September 6, 2005 [copy attached as Exh. A] shortly after the report was issued. In fact in Plaintiff's deposition of January 19, 2006 Mr. Brook's questioned Plaintiff about the treatment being afforded by Dr. Bergman. But most importantly Mr. Brooks himself identified Dr. Bergman in Defendant's Rule 26 disclosures as a doctor who has discoverable information concerning Plaintiff's medical condition. [See Attached Exh. B]. Simply stated, the defense has known the identity of Dr. Bergman and the substance of Dr. Bergman's opinions since September of 2005.

    Under Plaintiff's reading of the Rules, given that Dr. Bergman is testifying as Plaintiff's treating physician, Plaintiff isn't even required to provide a written report of Dr. Bergman to Defendant. As found by the Court in Buss v Quigg 2002 WL 32345703 (Ed Pa.):

"When a treating physician's opinion extends beyond the facts disclosed during the care and treatment of the patient and the physician is specifically retained to develop opinion

**GIBSON&PERKINS PC**
ATTORNEYS AT LAW

PAGE TWO
JANUARY 22, 2007

testimony, however, he or she is subject to Rule 26(a)(2)(B). See Lauria v. Amtrak, 1997 U.S. Dist. LEXIS 3408, *5-6 (E.D.Pa. March 24, 1997); Bucher v. Gainey Transp. Serv., 167 F.R.D. 387, 390 (M.D.Pa.1996). Accordingly, Plaintiffs' treating physicians may testify as to Plaintiffs' statements to them during their care and treatment, as to their own examination, diagnosis, and treatment of Plaintiffs, and as to Plaintiffs' prognosis based on their observations during treatment. They may not, however, offer independent opinions as to the cause of Plaintiffs' injuries. Any other expert testimony for which the provisions of Rule 26(a)(2)(B) have not been satisfied is also precluded."[1]

In the instant case Dr. Bergman is giving a "prognosis" as permitted by the Court in Buss based on his examinations of Plaintiff since 1994.

There has been no scheduling Order issued in this case. Counsel for Plaintiff understood the stated intention of the Court as discussed in the teleconference that set up mediation/conference set for the 25th to have a mediation where a representative of Defendant's insurance company would be present so as to see if there could be a resolution of this rather straight forward legal malpractice case without the great expense of full blown fact and/or expert discovery.

If the Court is of the opinion that Dr. Bergman is giving an opinion not permitted within the holdings of Buss and Upchurch and thus feels that Dr. Bergman's opinions should be excluded and not mentioned at the mediation then so be it, Plaintiff will continue to rely upon the findings of Social Security and will not discuss the findings of Dr. Bergman in order that the mediation can go forward. Plaintiff is convinced that once the Defendant's insurance adjustor has a first hand opportunity to see the factual matrix of this case and what has transpired procedurally since the case was filed that there will be a resolution of this case on the 25th. The Court should not allow a continuance of the mediation/conference.

Respectfully,

KEVIN WILLIAM GIBSON

Cc: Norman Brooks, Esq. [via Efiling & Email]

---

[1] Judge Farnan of this Court in Upchurch v Hester 2006 WL 3020772 (D. Del.) cited Buss v Quiggs with favor to preclude a treating physician from giving an opinion as to causation.

**EXHIBIT "A"**

**EXHIBIT "A"**

**EXHIBIT "A"**

**EXHIBIT "A"**

**EXHIBIT "A"**

MARTIN JAN BERGMAN, M.D., FACR, FACP
Arthritis and Rheumatology
8 Morton Avenue
Ridley Park, PA 19078
Tel: (610) 521-1701    Fax: (610) 521-9450
E-mail: mjbergman@prodigy.net

September 06, 2005

Kevin Gibson,
Suite 105
Media, PA 19063

Dear Kevin Gibson;

I had the pleasure of seeing Elizabeth Watts in my office for medical evaluation on 09/06/05.
Subjective: The patient is here for a return visit. A Health Assessment Questionnaire (MD-HAQ) was administered and the results reviewed.

Ms. Watts has been noticing an increase in her chronic pain, despite attention to diet and exercise. She is under considerable personal stress, which she feels is contributing to her pain. Additionally, she has been noticing increased GERD symptoms. She tried taking Cymbalta, but developed panic attacks. Headaches, with radiation down the arms and pain going down the legs has been a problem, as well. PT has helped, as has massage therapy, but her financial status has not allowed for her to continue with these.

Illnesses: No history of diabetes mellitus, tuberculosis, rheumatic fever, or hypertension. Hypothyroidism, asthma
Surgeries: Sinus surgery, C-spine fusion, L-S disc fusion (L4-5), R elbow surgery, R shoulder surgery, L knee surgery, ankle surgery (bilat), R shoulder repair.
Family History: CA, Alcoholism, hypertension.
Social History: The patient has never smoked. The patient does not drink alcohol. The patient denies a history of recreational drug use.
Work History: Not currently employed
General Health: Fatigue.
HEENT ROS: There is no history of hair loss, mouth sores or conjunctivitis. She has mild headaches.
Cardiovascular ROS: No chest pain, chest pressure or anginal symptoms are reported.
Pulmonary: There is occasional wheezing.
Gastrointestinal: There is no heartburn, reflux, diarrhea, bloody stool, nausea or vomiting.
Genitourinary: No difficulties in urination are reported.
CNS: She is numb on the back of her neck.

**Allergies**

| No | Allergen | Description |
|----|----------|-------------|
| 1  | Bactrim  | Rash        |
| 2  | Penicillin V Potassium | Rash |

BP: 120/70 Right Arm, Sitting  Pulse Rate: 90 Sitting, Regular  Resp Rate: 16 Comfortable

PAIN: 80.00
PATIENT GLOBAL: 90.00
mHAQ: 1.00
Fatigue: 85.00
RAP: 8.00

General: This is a well developed, well nourished patient in no acute distress.

MARTIN JAN BERGMAN, M.D., FACR, FACP
Re: Elizabeth Watts (I.D.# 1520)

Neck: Supple; trachea in midline. The thyroid is normal to palpation. There is a L ant. cervical scar.
HEENT (PE): PERRL, no conjunctivitis is noted. External examination of the ears and nose reveal no abnormalities. There are no mouth ulcers noted.
Chest Examination: Percussion and auscultation fails to reveal wheezes, rubs or consolidation changes.
Cardiovascular Examination: RRR. There are no murmurs, rubs, or gallops noted. No edema is noted.
Abdomen: There are no masses, tenderness or organomegaly.
Musculoskeletal Exam: There is decreased ROM at the C-spine, particularly to lateral flexion to the L. Cervical and trap spasm are noted. No synovitis is noted in any of the peripheral joints. Crepitus is noted at both knees. ROM is preserved throughout the peripheral skeleton with the exception of the shoulders. There is decreased abduction, bilat, due to pain. No drop sign is noted. Trigger points are noted.
Neuro: Ox3. Mood and affect are appropriate. There is decreased sensation over the Cervical spine. There is no muscle weakness noted.

**Diagnosis**

| No | Diagnosis | ICD9 | Comments |
|----|-----------|------|----------|
| 1 | Carpal tunnel syndrome | 354.0 | |
| 2 | Fibromyalgia | 729.0 | |
| 3 | Malaise and fatigue | 780.7 | |
| 4 | Pain in Joint, Multiple Sites. | 719.49 | |
| 5 | Herniated Lumbar Disc | 722.0 | |

**Medications**

| No | Medication | Dose | # | Freq | Comments |
|----|-----------|------|---|------|----------|
| 1 | Synthroid | 0.075MG | 1 | QD | |
| 2 | Mobic | 7.5MG | 1 | QD | |
| 3 | Rhinocort | 32MCG | 1 | PRN | |
| 4 | Pulmocort | | 1 | PRN | |
| 5 | Paxil | 20MG | 1.5 | QAM | |
| 6 | Trazadone-100 | 100MG | 3 | HS | |
| 7 | Singulair | 10MG | 1 | QD | |
| 8 | Nortriptyline | 50MG | 1 | QHS | |
| 9 | Adderall | 10MG | 0.5 | QD | |
| 10 | Prilosec | 20MG | 1 | QD | |

Office Discussion: Ms. Watts is doing worse, which is almost certainly due to her increased anxiety and stress. Financial considerations are also inhibiting the care, as she cannot afford the treatments that have worked the best; PT and massage. I agree with the use of Cymbalta, if she can tolerate it. Another choice would be Lyrica (pregabellin), which has similar anti-depressant and analgesic effects.

In the interim, she is to continue with her current meds and with an exercise program, to tolerance.

She is to return to me in 4 months.

If our office can be of further help, please let us know.

Sincerely,

Page# 2

**EXHIBIT "B"**

**EXHIBIT "B"**

**EXHIBIT "B"**

**EXHIBIT "B"**

**EXHIBIT "B"**

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELIZABETH WATTS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 1:06-cv-00165-GMS |
| | : | |
| LOIS J. DAWSON, ESQUIRE | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

**DEFENDANT'S RULE 26(a) DISCLOSURES**

Defendant, Lois J. Dawson, by and through the undersigned counsel, hereby discloses the following items pursuant to Federal Rule of Civil Procedure 26(a)(1):

1. Identities of individuals likely to have knowledge of discoverable information that may be used to support the disclosing parties claims or defenses.

**RESPONSE:**

    **(a)    Plaintiff Elizabeth Watts**

    **(b)    Lois J. Dawson, Esquire**

    **(c)    Carolyn Walter, Widener University**

    **(d)    Pat Arnott, and Wendy Morin; Aetna Insurance**

    **(e)    Dr. Bergman - see correspondence dated 6/8/01; and**

    **(f)    Be Jordan.**

2. Documents in possession of counsel or the party that may be used to support the