IN THE UNITED STATES DISTRICT COURT
OF DELAWARE

ELIZABETH WATTS
3102 Ruby Drive
Wilmington, DE 19810

    Plaintiff

                            No. 1:06—CV— *165* [GMS]


LOIS J. DAWSON, ESQUIRE
1525 Delaware Avenue
Wilmington DE 19806

    Defendant

## RULE 16 JOINT STATUS REPORT MODIFIED AS OF JANUARY 29, 2007

1.     **Jurisdiction and Service.** Does the court have subject matter jurisdiction? Are all parties subject to the court's jurisdiction? Do any remain to be served?

<u>Plaintiffs Input:</u>

The lawsuit was initially filed in Superior Court in New Castle County. The Defendant, an exclusive legal practitioner in Delaware, inexplicably and frivolously in violation of Rule 11 removed the action to this Court citing to her residence and citizenship in Pennsylvania. See <u>Lemos v Fend</u>, 828 F2d 616 (6th Cir. 1987) holding that an otherwise legally warranted removal petition can still be filed in violation of Rule 11 if the filing was frivolous or for delay. It should also be noted that in 1988 the removal statute, 28 USC Sec.1446 was amended to include Rule 11 adherence requirements. Thus while the Court has jurisdiction the concession of this point by Plaintiff shall not constitute a waiver to later contend that the removal of this action was violative of Rule 11. All parties have been served.

<u>Defendant's Input:</u>

Plaintiff is a resident of the State of Delaware.  Defendant is a resident of the Commonwealth of Pennsylvania, who was sued in her individual capacity.  Hence, this Court has original jurisdiction pursuant to 28 <u>U.S.C.</u> §1331.  Removal was proper and not intended to delay resolution.  As a practical matter, Defendant anticipates that the claim will be resolved more expeditiously in this Court than in State Court.

Moreover, Defendant anticipates that this Court has a better understanding of the intricacies surrounding the Employee Retirement Income Security Act, 29 <u>U.S.C.</u> §1001, *et seq.*

In her Complaint, Plaintiff alleges that Defendant committed legal malpractice in her representation of a matter arising under a ERISA.  Given this Court's familiarity with such claims, Defendant had a very reasonable basis for removal.

**2.     Substance of the Action.** What are the factual and legal basis for plaintiff's claims and defendant's defenses?

<u>Plaintiffs Input:</u>

At all times relevant Plaintiff has been permanently disabled by fiber mylagia which was us so severe in nature that four (4) lumbar/cervical discs had to be surgically removed from Plaintiffs back. Plaintiff had had a disability insurance contract with Aetna. From February of 1997 until May 2001 Aetna paid monthly disability benefits to Plaintiff in the approximate amount of $2200.0 each month.

In May 2001 Aetna claimed that Plaintiff was no longer permanently disabled and therefore stopped paying benefits in violation of the terms and provisions of the subject matter disability insurance policy.

On or about October 2001, Plaintiff retained Defendant to file what ever action/lawsuit necessary to require Aetna to resume paying monthly disability benefits. Defendant advised Plaintiff that Defendant would file a lawsuit against Aetna for unpaid past due benefits as well as for benefits to be paid until Plaintiff was no longer disabled. Defendant also advised that the lawsuit she would file on Plaintiffs behalf would include a "bad faith" cause of action thereby entitling Plaintiff to an award of punitive damages and attorneys fees. Defendant failed to timely file the action against Aetna within the applicable contractual and/or statutory limitations period for commencing such an action. As a result of Defendant's failure to timely file a lawsuit against Aetna for a reinstatement of the payment of monthly disability benefits, Plaintiff is now forever barred from being able to require Aetna to pay monthly disability benefits. This legal malpractice lawsuit filed on February 10, 2006 followed.

In a conversation with Plaintiff wherein Plaintiffs friend Be Jordan was present Defendant Dawson admitted her negligence and advised Plaintiff to file a legal malpractice action against her and stated to Plaintiff in the presence of Be Jordan that Defendant's legal malpractice insurer would pay the disability benefits that Aetna should have been paying.

<u>Defendant's Input:</u>

Defendant Lois Dawson contends that had she filed suit against Aetna as Plaintiff alleges, Aetna would have prevailed in that litigation.  Stated otherwise, the litigation which Plaintiff Elizabeth Watts alleges should have been initiated by Defendant was without merit.

Plaintiff alleges that she received disability payments under the insuring agreement for approximately two years, at which time Aetna terminated her disability payments.  During that two-year period, Plaintiff completed her education in a formal graduate program.  Upon

information and belief, Plaintiff completed all of her course work in her Masters of Social Work (MSW) degree program while maintaining a 4.0 cumulative average. Defendant contends that during the time that Plaintiff received disability payments from Aetna, she received education and training which, in conjunction with her undergraduate education, qualified for professional counseling or other social work such that she was no longer disabled within the meaning of the insuring agreement. Hence, she was no longer entitled to receive disability payments pursuant to the insuring agreement. Had Ms. Dawson initiated litigation on behalf of Plaintiff in any court, it would have been a fruitless endeavor.

As part of the decision process, Aetna received and reviewed not only Plaintiff's medical records, but letters of recommendation from Plaintiff's faculty, which supported the conclusion that her newly-acquired skills had prepared her well for employment in the field of social work. That being so, Aetna's denial was made in good faith. Had Plaintiff alleged a bad faith claim so as to claim punitive damages, that claim would likewise have failed.

Finally, upon information and belief, Plaintiff is no longer disabled within the meaning of the insuring agreement. Even so, she remains unemployed. That being so, Plaintiff has failed to mitigate her damages.

3.    **Identification of Issues.** What factual and legal issues are genuinely in dispute?

Plaintiffs Input:

Since Defendant admitted her negligence to Plaintiff and a third party Plaintiff contends that liability is not an issue in the case. Notwithstanding that Plaintiff is presently receiving full permanent disability from the United States Office of Social Security; the only factual issue that could remotely be in dispute is whether Plaintiff is permanently disabled.

Defendant's Input:

Defendant's negligence is very much in issue, as are the extent of her duty to Plaintiff with regard to the underlying action, causation and damages. Plaintiff's continued receipt of SSD payments is not dispositive on any issue.

The issues before the Court are:

A.    The precise scope of the parties' attorney/client relationship regarding pursuit of Aetna. Defendant does not dispute that she was engaged by Plaintiff to pursue Plaintiff's administrative remedies following Aetna's termination of Plaintiff's disability payments; that she discussed litigation following Aetna's final decision on the issue; and that she did not file a lawsuit against Aetna.

B.    Whether Aetna was reasonable in terminating Plaintiff's disability benefits when it did;

C.  Whether Defendant's failure to file a lawsuit against Aetna was justified under the circumstances, including whether Plaintiff's claim had the necessary factual support to move forward and whether Plaintiff could demonstrate bad faith against Aetna on the facts given;

D.  Whether Defendant's acts were the proximate cause of any damages Plaintiff may have suffered, including whether Plaintiff acted in any way contributorily negligent;

E.  Whether Plaintiff had suffered any genuine harm and/or damages as the result of the events leading up to this litigation, including whether Aetna would have otherwise been justified in terminating benefits at any time after the expiration of the statute of limitations cited by Plaintiff.

4.  **Narrowing of Issues**. Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?

Plaintiffs Input:

Plaintiff filed a Motion for Summary Judgment that Plaintiff believed would have been dispositive of all issues. At the last conference in this matter Judge Sleet struck the Motion without prejudice to re-file the Motion after asking permission to re-file.

Defendant's Input:

Defendant contends that there has never been a properly filed motion for summary judgment before the Court. When Plaintiff's purported motion was filed, Defendant asked the Court to order Plaintiff's compliance with Local Rule 7.1.3. The Court administratively dismissed Plaintiff's motion without prejudice, requiring the parties to re-file any motion for summary judgment only upon leave of the Court. Defendant further notes that Plaintiff has alleged: 1) that Defendant would file a lawsuit against Aetna to force Aetna to continue paying her monthly disability benefits; 2) that Defendant would seek to force Aetna to continue paying benefits only until Plaintiff was no longer disabled; and 3) that Defendant would file a lawsuit alleging that Aetna discontinued Plaintiff's benefits in bad faith. Defendant contends that Aetna properly terminated benefits when Plaintiff's disability status changed. Moreover, Aetna demonstrated that its decision to terminate benefits was reasonable under the circumstances. Thus, Defendant contends that a Court would be unlikely to set that decision aside as arbitrary or capricious and Defendant therefore would not have cause to pursue a bad faith claim against Aetna.

Finally, Defendant contends that at the close of discovery, the record will demonstrate that Defendant is entitled to judgment on the law. Had Defendant initiated the ERISA litigation of which Plaintiff complains, that litigation would have preceded through this Court in such a way that Plaintiff would have been entitled to no discovery. The Court's review would have been limited to a review of the administrative record. Upon information and belief, the evidence will demonstrate that Aetna's determination that Plaintiff was not disabled was made in good faith.

In order to prevail on the underlying claim, Plaintiff would have been required to demonstrate that Aetna's discontinuation of benefits was made in bad faith. This Plaintiff can not demonstrate, either in this or the underlying action, that the decision to terminate was made in bad faith.

**5.    Relief.** What specific relief does plaintiff seek? What is the amount of damages sought and generally how is it computed?

Plaintiffs Input:

If Plaintiff lives to her full life expectancy, Plaintiff would have been paid $259,000.00 in disability benefits under the subject matter policy that Aetna wrongfully terminated. Plaintiff also would have been entitled to bad faith damages in that there was no credible evidence of record that Plaintiff was not fully disabled with the context of the subject matter insurance policy. This disability benefit of $259,000.00 was "computed" by Defendant in a handwritten note that is appended to Plaintiff's Summary Judgment Motion wherein Defendant Dawson calculated Plaintiffs monthly disability benefit to be $984.01.

Defendant's Input:

Plaintiff's calculation assumes that she is wholly disabled and unable to work in any income-generating capacity for the rest of her life. Given her excellent performance at the Master's level, it seems reasonable to believe that she is able to work in some professional capacity that rewards her at a minimum, at the same level that she received while employed by the Colonial School District. Moreover, Defendant contends that the amounts Plaintiff received in the future from Aetna, if any, would be reduced by amounts received from the Social Security Administration. Further, were Plaintiff to receive a lump sum award as a result of a settlement or verdict, Plaintiff's actual damages would be reduced to reflect the present day value of a lump sum payment. Finally, given that Defendant is not an expert in the area of disability benefits awards, it would seem only appropriate that Plaintiff be required to submit expert opinion evidence on the present value of Plaintiff's claim.

**6.    Amendment of Pleadings?**

Plaintiffs Input:

None by Plaintiff at this time.

Defendant's Input:

None by Defendant at this time.

7.    **Joinder of Parties?**

Plaintiffs Input:

    None by Plaintiff.

Defendant's Input:

    None by Defendant at this time.

8.    Discovery. Discovery contemplated by each party and the amount of time it may take to complete discovery? Can discovery be limited? Are less costly and time-consuming methods available to obtain necessary information?

Plaintiffs Input:

    Plaintiff needs to take the Defendant's deposition and the parties are working for a mutual date to do so. In October of 2005 Plaintiff offered the defense an opportunity to conduct an IME which the defense conducted on December 11, 2006. The defense has yet to share with Plaintiff the results of the IME exam. Plaintiff has given the defense an open ended access to all her medical records since November of 2005. Plaintiff was extensively deposed by Plaintiff in January of this year. The defense has filed a Motion t5o Compel Plaintiff to undergo vocational testing and functional capacity testing. Plaintiff has responded to the Motion to Compel claiming that since the defense never filed a Rule 35 Motion to conduct such testing there is no issue to "compel". Plaintiff has identified Dover practitioner as a potential legal expert but has not asked Mr. Hampton to review documents or issue a report in that Plaintiff wants to see if she can avoid this expense through the Summary Judgment process. Plaintiff is of the present belief that expert testimony is not needed in instances where the deadline to file a Compliant is not met with. Delaware recognizes the tenet that if the act of legal malpractice sub judice is so obvious that a layman would appreciate it as such, no expert testimony is needed. In Degmars v Kimmel, 1999 WL 463711 (De. Super.), the Delaware Superior Court held that no expert testimony is required to show that a lawyer was negligent in not timely filing a lawsuit.

Defendant's Input:

    Expert discovery in this matter should take no longer than 2 months with all discovery being concluded within 6 months. To date, Defendant's efforts to pursue the limited discovery directed by the Court during its September 14, 2006 teleconference have met resistance from Plaintiff's counsel. As more fully discussed in Defendant's Motion to Compel (D.I.22), Defendant made numerous efforts to schedule Plaintiff to undergo a functional capacity examination and a vocational rehabilitation evaluation prior to filing the motion. Since filing the motion, Defendant's counsel has offered additional dates to Plaintiff's counsel for the vocational rehabilitation evaluation. (See Exhibit A attached). To date, Plaintiff has not undergone either examination. Defendant has a motion pending before the Court pursuant to Fed. R. Civ. P. 35 to order Plaintiff to undergo those examinations.

On Friday, January 26, Defendant filed and served on Plaintiff her disclosure of certain medical expert testimony pursuant to Rule 26(a)(2)(b). In that disclosure, Defendant provided not only the name of her medical expert, Donald R. Archer, M.D., but also a copy of his findings. (D.I.36) This information was updated today, January 29, 2007 with a copy of Dr. Archer's CV.

For several weeks, Defendant has also sought to depose Plaintiff's friend and former partner, Be Jordan. As shown in the correspondence attached as Exhibit B, Plaintiff counsel has repeatedly interfered with Defendant's counsel's ability to schedule that deposition.

Finally, Defendant's recent attempts to schedule the depositions of Plaintiff's treating physicians, Dr. Martin Bergman, and Plaintiff's graduate school professor, Carolyn Walter, have met with no response from Plaintiff's counsel. (See Exhibit C, attached) Likewise, Defendant has attempted to schedule the deposition of Aetna's 30(b)(6) witness. However, Defense Counsel has likewise received no response from Plaintiff counsel. (See Exhibit D attached)

9. **Estimated trial length. Is** it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?

Plaintiffs Input:

One week.

Defendant's Input:

Eighteen Hours per side.

10. **Jury Trial?** Plaintiffs Input:

Jury trial has been demanded and preserved.

Defendant's Input:

Jury Trial has been demanded and preserved.

11. Settlement. Have there been settlement discussions? What are the prospects for settlement? Is referral to the Magistrate for medication or other ARD mechanism appropriate?

Plaintiffs Input:

In July of 2005 made a settlement demand of $181,000.00 which was akin to a workers compensation lump sum settlement of Plaintiffs full claim of $259,000.00 Defendant countered with $35,000.00 which was rejected. Defendant has made no further offer. Plaintiff proposed in August of last year to submit the case to retired Superior Court Judge Bifferato as a high low arbitration. The defense never replied to this suggestion.

<u>Defendant's Input:</u>

By letter of July 14, 2005, the undersigned extended Plaintiff attorney an offer of settlement in the amount of $20,000.00. Upon receiving a reduced demand, the undersigned counsel, by letter of August 22, 2005, extended Plaintiff a settlement offer in the amount of $35,000.00. This was considered a reasonable settlement proposal for two reasons. First, this amount fairly represented Plaintiff's loss earnings from the time Aetna discontinued her disability payments until the time of the offer in August, 2005, allowing a portion of the amount for a reasonable attorney fee. Second, that amount fairly approximated the costs of defense in order to accomplish the necessary discovery and get the case in a posture for Defendant's anticipated motion for summary judgment. Arbitration at this juncture would be inappropriate and inefficient as the depositions of Aetna's claim representatives may require an order of the Court.

<u>Defendant's Input:</u>

By letter of July 14, 2005, the undersigned extended Plaintiff attorney an offer of settlement in the amount of $20,000.00. Upon receiving a reduced demand, the undersigned counsel, by letter of August 22, 2005, extended Plaintiff a settlement offer in the amount of $35,000.00. This was considered a reasonable settlement proposal for two reasons. First, this amount fairly represented Plaintiff's loss earnings from the time Aetna discontinued her disability payments until the time of the offer in August, 2005, allowing a portion of the amount for a reasonable attorney fee. Second, that amount fairly approximated the costs of defense in order to accomplish the necessary discovery to get the case in a posture for Defendant's anticipated motion for summary judgment. Arbitration at this juncture would be inappropriate and inefficient as the depositions of Aetna's claim representatives may require an order of the Court. The discovery completed during the past 60 days has given Defendant no justification for an increased offer at this juncture.

12.    Such other matters as counsel considers conductive to the just, speedy and inexpensive determination of this action.

<u>Plaintiffs Input:</u>

The Court should permit Plaintiff the opportunity to re-file her Motion for Summary Judgment.

<u>Defendant's Input:</u>

Cross-motions for summary judgment are not appropriate at this time. The Court should grant Defendant's Rule 35 motions to compel exams.

13.    A statement that counsel for the parties have conferred about each of the above matters.

Plaintiffs Input:

On January 29, 2007 counsel for Plaintiff prepared the format of this Report and inputted Plaintiffs responses therein and then sent the Report by email attachment in Word format to defense counsel so that the defense can input what it felt was appropriate. Given that it is the opinion of Plaintiffs counsel that the removal of this action was violative of Rule 11 and given that it is the further opinion of Plaintiffs counsel that the defense of this matter has been conducted in bad faith given the admissions of record of the Defendant herself, counsel for Plaintiff believes it would be counter productive for counsel to "confer" in person.

Defendant's Input:

Plaintiff's counsel has refused to meet or otherwise confer about the issues set forth in the Court's Order.  As demonstrated in Exhibits A through D, Defendant has attempted to resolve the outstanding discovery issues, including those giving rise to Defendant's Motion to Compel.

GIBSON & PERKINS P.C.

BY: KEVIN WILLIAM GIBSON
DE. Supreme Court ID 2025
1326 King Street
Wilmington, DE 19899
610.565.1708
302.668.3992
kevingibson@gibperk.com

MARKS, O'NEILL, O'BRIEN
& COURTNEY, PC

*/s/ NORMAN H. BROOKS, JR.*

BY:  NORMAN H. BROOKS, JR.
DE:  Supreme Court ID 2568
913 North Market Street, #800
Wilmington, DE  19801
302.658.6538
nbrooks@mooclaw.com

{DE064935.1}

EXHIBIT A

**Segletes, Theodore J.**

| | |
|---|---|
| **From:** | Brooks Jr., Norman H. |
| **Sent:** | Tuesday, January 23, 2007 10:06 PM |
| **To:** | 'Kevin William Gibson' |
| **Cc:** | NHB Team |
| **Subject:** | FW: Elizabeth Watts |
| **Attachments:** | Rosalyn Pierce ResumeJanuary2007.doc |

Mr: Gibson:

In an effort to resolve Defendant's pending motion to compel, please note that Defendant's vocational rehabilitation expert is available to evaluate Ms. Watts in her office on the following dates:

Mon 2/19 at 1:00 PM
Tues 2/27at 9:00 AM

Should you have any questions about Ms. Pierce's qualifications, I am attaching her resume. Please explore these dates with Ms. Watts and confirm her availability without delay. Upon receipt of your confirmation, I will promptly Notice the exam. Thank you for your anticipated cooperation.

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

1/29/2007



# ROSALYN PIERCE

## EDUCATION

Nova Southeastern University, Fort Lauderdale, FL 33314
Conflict Resolution & Analysis, 9/06 – present

The University of Maryland, College Park, MD 20742
Master of Arts, Rehabilitation Counseling, August 1975

The Pennsylvania State University, University Park, PA 16082
Bachelor of Science, Rehabilitation Counseling, August 1973

C.R.C., C.D.M.S., N.C.C., C.C.M., A.B.V.E. (Diplomate), and Licensed
Professional Counselor in the Commonwealth of Pennsylvania.

## TRAINING

- The Pennsylvania and New Jersey Chapters of International Association of Rehabilitation Professionals Spring Conference, June 2006; 13 Continuing Education Credits

- The American Board of Vocational Experts Spring Conference, March 2006; 14.75 Continuing Education Credits

- Pennsylvania and New Jersey Chapters of International Association of Rehabilitation Professionals Spring Conference, June 2005; 13 Continuing Education Credits

- The Pennsylvania and New Jersey Chapters of International Association of Rehabilitation Professionals Spring Conference, June 2005; 13 Continuing Education Credits

- The International Association of Rehabilitation Professionals Spring Conference, April 2005; 16 Continuing Education Units

- The American Board of Vocational Experts Spring Conference, March 2005; 12.75 Continuing Education Credits

- The American Board of Vocational Experts Fall Conference, October 2004; 14.5 Continuing Education Hours

- The American Board of Vocational Experts Annual Fall Conference, October 2003; 14.25 Continuing Education Credits



- The Pennsylvania and New Jersey Chapters of International Association of Rehabilitation Professionals Spring Conference, May 2003; 15 Continuing Education Units

- International Association of Rehabilitation Professionals, Forensic Section Conference, December 2002; 12.25 Continuing Education Hours

- The American Board of Vocational Experts Spring Conference, March 2002; 9.5 Continuing Education Credits

- The Pennsylvania and New Jersey Chapters of International Association of Rehabilitation Professionals Spring Conference, May 2002; 17 Continuing Education Hours

- International Association of Rehabilitation Professionals, Forensic Section Conference, December 2001; 8.5 Continuing Education Credits

- The Pennsylvania and New Jersey Chapters of International Association of Rehabilitation Professionals Spring Conference, May 2001; 17 Continuing Education Credits

- The American Board of Vocational Experts Spring Conference, March 2001; 14 Continuing Education Units

- The Pennsylvania and New Jersey Chapters of International Association of Rehabilitation Professionals Annual Conference, May 2000; 17 Continuing Education Credits

- The American Board of Vocational Experts Spring Conference, April 2000; 15.5 Continuing Education Credits

- The American Board of Vocational Experts Fall Conference, October 1999; 15 Continuing Education Hours

- The Pennsylvania Chapter of National Association of Rehabilitation Professionals in the Private Sector; 11th Annual Conference – Law & Order,

- April, 1999
- 5th Annual National Conference of Expert Witnesses, Litigation Consultants and Attorneys, November 1998; 22 Continuing Education Units



- The American Board of Vocational Experts Fall Conference, October 1998; 13 Continuing Education Units

- The 14th Annual National Conference of Expert Witnesses, Litigation Consultants and Attorneys, November, 1997; 22 Continuing Education Hours

- The American Board of Vocational Experts Seminar, March 1997; 14 Continuing Education Credits

- The American Board of Vocational Experts Fall Conference, October 1996; 13 Continuing Education Units

- The Pennsylvania Chapter of National Association of Rehabilitation Professionals in the Private Sector; "The New Worker's Compensation Law." 1 Contact Hour, September 1996

- The Office Worker's Compensation, U.S. Department of Labor; Rehabilitation Counseling Certification Training; May 1996; 16 Continuing Education Credits

- The American Board of Vocational Experts Spring Conference, March 1996; 12 Continuing Education Hours

- The Medical Case Management Convention; Division of Continuing Education and Training, October 1995; 22 Continuing Education Units

- National Rehabilitation Counselor Association Seminars, February 1993

- Risk Management Seminar sponsored by Proclaims, Inc., November 1992

- Licensed Professional Counselor

## EMPLOYMENT HISTORY

**11/00–Present Adjunct Instructor–The Pennsylvania State University, University Park, PA**
*Introduce undergraduate and graduate students to proprietary rehabilitation specialization.*

**2/00–Present   Guest Lecturer–Temple University, Philadelphia, PA**
*Assist graduating seniors explore their vocational options and employment opportunities*



| | |
|---|---|
| **4/99-6/00** | **Adjunct Instructor-Peirce College, Philadelphia, PA**<br>*Teach course on job seeking skills, resume writing, interviewing techniques and entrepreneurship.* |
| **1/99-Present** | **Vocational Expert, RP Vocational Rehabilitation, LLC**<br>**Philadelphia, PA**<br>*Vocational testing, initial assessments, placement, job counseling, coordinate and monitor retraining, and job availability testimony for individuals with Physical, cognitive, and/or emotional impairments. Prepare Vocational Rehabilitation Evaluations that address earning capacity and wage loss.* |
| **11/88-12/98** | **Director of Rehabilitation/CEO-Target Rehabilitation Co., Dresher, PA**<br>*Vocational testing, initial assessments, placement, job counseling, coordinate and monitor retraining, and job availability testimony for individuals with physical and/or emotional impairments. Prepare Vocational Rehabilitation Evaluations that address earning capacity and wage loss. Managed full service Rehabilitation Company.* |
| **7/83-11/88** | **Manager, Vocational Supervisor, Rehabilitation Specialist**<br>*Vocational Rehabilitation Services, Inc., Norristown, PA*<br>*Coordinate all aspects of reemployment of injured workers. Supervised rehabilitation specialists, medical coordinators and clerical staff; subsequently managed entire office.* |
| **11/86-Present** | **Vocational Expert, Office of Hearings and Appeals, Department of Health and Human Services, Philadelphia, PA**<br>*Provide testimony at appeals hearings for SSI & SSD applicants regarding transferable skills, job availability, and employment options.* |
| **11/84-11/86** | **Placement Coordinator, Adams Associates, Philadelphia, PA**<br>*Matched qualified job candidates with employment opportunities.* |
| **2/82-6/83** | **Community Program Developer**<br>**Faith United Church of Christ, Philadelphia, PA**<br>*Initiated and monitored vocational, educational, and recreational programs for community. Placed over 75% of candidates. Managed budget over $300,000.* |
| **1/80-1-81** | **Associate Instructor**<br>**P.C.A. Domiciliary Care Provider Training Program, Hershey, PA**<br>*Trained licensed boarding home operators regarding social, emotional, physical, and recreational needs of disabled adults.* |



**1/77-1/80**     **Supervisor, Philadelphia Corporation for Aging, Philadelphia, PA**
*Directed activities of case managers, case aides, and support staff in providing spectrum of service to disabled elderly.*

**7/75-1/77**     **Vocational Rehabilitation Therapist**
**Einstein CMH/MRC, Philadelphia, PA**
*Counseled and placed developmentally disabled adults in jobs and living facilities.*

## PROFESSIONAL INTERESTS AND ACCOMPLISHMENTS

- Credentials include: Certified Rehabilitation Counselor, Certified Disability Management Specialist, and Certified Case Manager designation awarded by the Commission on Rehabilitation Counselor Certification, Arlington Heights, Illinois. Awarded NCC (Nationally Certified Counselor) by the National Board for Certified Counselors, 5999 Stevenson Avenue, Alexandria, Virginia 23304. A.B.V.E. Diplomate certified by the American Board of Vocational Experts, Topeka, Kansas 66603.

- Elected to Charles R. Drew CMH/MRC Board of Directors. Served on the Executive and Finance committees. Chairperson of the Program for Planning and Evaluation Committee. Elected for two year term as a board member for Stotesbury Homeowners Association. Assistant chairperson of Salem Baptist Church of Jenkintown Trustee Board; Chairperson of Contacts and Lease committee, Advisory Committee Member Penn State Rehabilitation Education Department.

- Selected by Board of Advisors as an Outstanding Young Woman of America Award for 1982.

- Honored as 1999 Mother of the Year; Salem Baptist Church of Jenkintown.

- Commended as a Woman of Distinction of Montgomery County, May 1999.

- Recognized in the National Distinguished Service Registry.

Member in good standing of the American Association of Counseling and Development, National Rehabilitation Association, Philadelphia Chamber of Commerce, American Board of American Board of Vocational Experts. Served as Treasurer President-Elect, President and Past President of International Association for Rehabilitation Professionals, Pennsylvania Chapter. Board member & Chairperson of the Ethics Committee of the American Board of Vocational Experts.



- First Runner Up for the 1997 Madame C.J. Walker Award for Business Achievement, recognized by the Coalition of 100 Black Women, Inc.


- Presented papers at a symposium entitled "Selecting and Evaluating the Rehabilitation Vendor and ADA Implications for Vocational Rehabilitation." Featured speaker for the Pennsylvania Defense Institute on medical and legal aspects of disability determination, January 1998. Speaker at the Pennsylvania Self-Insured Annual Seminar, June 1998.

- Speaker/Panelist at seminar titled "Handling a Social Security Disability Case in Pennsylvania," sponsored by the National Business Institute, February 22, 2000 (Topic: Expert Witnesses in the Social Security Disability Process).

- Speaker at the Spring Conference of the American Board of Vocational Experts, March 20, 2005 titled "Ethics in Forensic Rehabilitation".

- Speaker at the Spring Conference of the International Association of Rehabilitation Professionals, April 15, 2005 titled "Multicultural Issues and Treatment Planning and Case Management".

- Speaker at the Spring Conference of the Pennsylvania and New Jersey International Association of Rehabilitation Professionals, June 10, 2005 titled "Ethics in Rehabilitation Case Management".

- Pierce, R. & Wilson, K. "The Complexity of Vocational Rehabilitation within the Pennsylvania Workers' Compensation System: A Walk on the Judicial Side", RehabPro Vol. 13, No 3 July/August/September 2005

- Presenter at Association of Trial Lawyers of America Minority Caucus Education Program, ATLA Convention Toronto, Canada, July 23, 2005

- Presenter at Association of Trial Lawyers of America Tele-seminar Maximizing Special Damages: The Importance of Vocational Rehabilitation in Establishing and Maximizing Loss Earning/Impaired Earning Capacity, September 22, 2005

- Ethical Question and Answer Column, The Vocational Expert Newsletter, Winter 2006, Vol.22. No.3

- Presenter at National Business Institute Seminar, Advanced Expert Witness Deposition Tactics, July 28, 2006- Effective Cross Examination of a Vocational Expert

- Presenter at Pennsylvania Bar Association Family Law Section Winter Meeting- <u>Rolling the Dice: Using Vocational Evaluations Effectively</u> January 13, 2007

**REFERENCES FURNISHED UPON REQUEST**

EXHIBIT B

EXHIBIT B-1

## Brooks Jr., Norman H.

| | |
|---|---|
| **From:** | Kevin William Gibson [KevinGibson@gibperk.com] |
| **Sent:** | Thursday, January 11, 2007 11:14 AM |
| **To:** | Brooks Jr., Norman H. |
| **Cc:** | NHB Team |
| **Subject:** | Re: Watts v. Dawson |

I DO NOT represent Ms. Jordon. kwg

----- Original Message -----
**From:** Brooks Jr., Norman H.
**To:** Kevin William Gibson
**Cc:** NHB Team
**Sent:** Thursday, January 11, 2007 10:18 AM
**Subject:** RE: Watts v. Dawson

Mr. Gibson:

This will acknowledge receipt. Thank you for this information. I think it may be inaccurate as I'm told by my process server that service was made personally, and that he has a signature. In order to resolve this inconsistency, I need to speak directly with the deponent. Before doing so, I ask you to kindly answer this specific question: **Do you represent Ms. Jordan ?**

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

----

**From:** Kevin William Gibson [mailto:KevinGibson@gibperk.com]
**Sent:** Thursday, January 11, 2007 10:12 AM
**To:** Brooks Jr., Norman H.
**Subject:** Re: Watts v. Dawson

Ms. Jordan advises that the subpeona was left in her mailbox without any check. It was almost discarded as junk mail. kwg

----- Original Message -----
**From:** Brooks Jr., Norman H.
**To:** Kevin William Gibson
**Cc:** NHB Team
**Sent:** Wednesday, January 10, 2007 5:45 PM
**Subject:** RE: Watts v. Dawson

Mr Gibson:

This responds to your e-mail sent 1351 this afternoon. I understand that Ms. Jordan's housemate, Susan, accepted service on her behalf. I also understand that a draft in the correct amount was in fact served in conjunction with the subpoena. I would like to confirm same with the witness. Toward that end, I ask you to kindly respond to defendant's outstanding request that you confirm or deny whether you represent Ms. Jordan

in this matter as I would like to speak to Ms. Jordan about this issue tomorrow.

Concerning your request for additional dates to depose Ms. Dawson prior to the settlement conference, please give me your availability during the second and third weeks of January. It may be that we may need to accomplish this after regular business hours or during the weekend. Please let me know all availability.

Thank you for your anticipated cooperation,

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

---

**From:**  Brooks Jr., Norman H.
**Sent:**  Wednesday, January 03, 2007 3:23 PM
**To:**  'Kevin William Gibson'
**Cc:**  NHB Team
**Subject:**  Watts v. Dawson

Mr. Gibson:

I intend to take the deposition of Aetna's 30(b)6 witness. If you are interested in participating, please give me all dates that you are available during the second and third weeks of this month. Thank you,

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

EXHIBIT B-2

## Brooks Jr., Norman H.

| | |
|---|---|
| **From:** | Brooks Jr., Norman H. |
| **Sent:** | Wednesday, January 10, 2007 5:45 PM |
| **To:** | 'Kevin William Gibson' |
| **Cc:** | NHB Team |
| **Subject:** | RE: Watts v. Dawson |

Mr Gibson:

This responds to your e-mail sent 1351 this afternoon. I understand that Ms. Jordan's housemate, Susan, accepted service on her behalf. I also understand that a draft in the correct amount was in fact served in conjunction with the subpoena. I would like to confirm same with the witness. Toward that end, I ask you to kindly respond to defendant's outstanding request that you confirm or deny whether you represent Ms. Jordan in this matter as I would like to speak to Ms. Jordan about this issue tomorrow.

Concerning your request for additional dates to depose Ms. Dawson prior to the settlement conference, please give me your availability during the second and third weeks of January. It may be that we may need to accomplish this after regular business hours or during the weekend. Please let me know all availability.

Thank you for your anticipated cooperation,

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

| | |
|---|---|
| **From:** | Brooks Jr., Norman H. |
| **Sent:** | Wednesday, January 03, 2007 3:23 PM |
| **To:** | 'Kevin William Gibson' |
| **Cc:** | NHB Team |
| **Subject:** | Watts v. Dawson |

Mr. Gibson:

I intend to take the deposition of Aetna's 30(b)6 witness. If you are interested in participating, please give me all dates that you are available during the second and third weeks of this month. Thank you,

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

EXHIBIT B-3

## KEVIN WILLIAM GIBSON, ESQUIRE
## GIBSON & PERKINS, P.C.
### Attorneys and Counselors at Law

Suite 105                                    1326 King Street
200 East State Street                        Wilmington DE 19899
Media, PA 19063                              302.668.3992
kevingibson@gibperk.com

---

TELEPHONE:      610.565.1708 Ext. 1
FAX             610.565.4358

---

### FACSIMILE MESSAGE

TO:        Norman Brooks Esq
Fax:       302.658.6537
FROM:      KEVIN WILLIAM GIBSON, ESQ
           kevingibson@gibperk.com

PAGES:     1 [Including cover sheet]

DATE:      01.10.07

Re:        Watts v Dawson

ORIGINAL WILL FOLLOW VIA:
REGULAR MAIL ____      OVERNIGHT MAIL __ HAND-DELIVERY
 X  ORIGINAL WILL NOT FOLLOW

## COMMENTS:

Ms. Jordon advises (1) she has not been personally served and (2) no check was tendered
as required by the Rules of Civil Procedure. Until she is properly served with due regard
to her employment schedule and my availability, she will not attend any depositions.
Your proposal to make Ms. Dawson available in late February after the mediation date
for this matter is unacceptable. If you do not provide me with dates next week I will
simply unilaterally notice the deposition. kwg

The information contained in this facsimile message is attorney-client privileged and confidential
information intended only for the use of the individual or entity named above. If the reader of this
message is not the intended recipient, you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited. If you have received this communication in
error, please notify us immediately by telephone, and return the original message to us at the above
address via the US Postal Service.

EXHIBIT B-4

# KEVIN WILLIAM GIBSON, ESQUIRE
## GIBSON & PERKINS, P.C.
### Attorneys and Counselors at Law

**Suite 105**                                          **1326 King Street**
**200 East State Street**                              **Wilmington DE 19899**
**Media, PA  19063**                                   **302.668.3992**
**kevingibson@gibperk.com**

| | |
|---|---|
| **TELEPHONE:** | **610.565.1708 Ext. 1** |
| **FAX** | **610.565.4358** |

## FACSIMILE MESSAGE

TO:        Norman Brooks, Esq
Fax:       302.658.6537
FROM:      KEVIN WILLIAM GIBSON, ESQ
           kevingibson@gibperk.com

PAGES:     1 [Including cover sheet]

DATE:      December 29, 2006

Re:        Watts v Dawson

**ORIGINAL WILL FOLLOW VIA:**
REGULAR MAIL  _____    OVERNIGHT MAIL  __ HAND-DELIVERY
 **X   ORIGINAL WILL NOT FOLLOW**

## COMMENTS:

Mr. Brooks: Ms. Jordon just communicated with me to the effect that your have acknowledged by your legal assistant telephoning Ms. Jordon that the subpoena you served was defective as being non compliant with FRCP Rule 45. Your offer to have a check present on January 3, 2007 does not cure the defect in the subpoena. Your offer to reissue a subpoena for January 3, 2007 with a check would make the reissued subpoena violative of Local Rule 30.1 which requires at least 5 days notice before a deposition can take place. One would wonder why you removed this matter to federal court in that you apparently are unfamiliar with the Rules as they pertain to serving subpoenas, deposition notices and examinations under FRCP 35. However, if you provide me with dates for taking Ms. Dawson's deposition by the close of business today, I will ignore the defects in the subpoena for Ms. Jordon and Ms. Jordon and I will be present on January 3, 2007. kwg

The information contained in this facsimile message is attorney-client privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the US Postal Service.

EXHIBIT B-5

# MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

**PHILADELPHIA OFFICE**
1800 JFK BOULEVARD - SUITE 1900
PHILADELPHIA, PA 19103
(215) 564-6688
FAX (215) 564-2526

**NEW YORK OFFICE**
530 SAW MILL RIVER ROAD
ELMSFORD, NY 10523
(914) 345-3701
FAX (914) 345-3743

**MARYLAND OFFICE**
600 BALTIMORE AVENUE - SUITE 305
TOWSON, MD 21204
(410) 339-6880
FAX (410) 339-6881

ATTORNEYS AT LAW
SUITE 800
913 N MARKET STREET
WILMINGTON, DE 19801
————
(302) 658-6538
FAX (302) 658-6537

December 29, 2006

**NEW JERSEY OFFICE**
COOPER RIVER WEST
6981 NORTH PARK DRIVE - SUITE 300
PENNSAUKEN, NJ 08109
(856) 663-4300
FAX (856) 663-4439

**PITTSBURGH OFFICE**
707 GRANT STREET
GULF TOWER - SUITE 2600
PITTSBURGH, PA 15219
(412) 391-6171
FAX (412) 391-8804

**BUCKS COUNTY OFFICE**
10 SOUTH CLINTON STREET - SUITE 302
DOYLESTOWN, PA 18901
(267) 880-3696
FAX (267) 880-0545

Kevin William Gibson, Esquire
Gibson & Perkins, P.C.
200 East State Street
Media, PA 19063

*VIA FACSIMILE: (610) 565-4358*

RE:    **Watts v. Dawson**
       **Our File No. 763-74879**

## Motion to Compel

Dear Mr. Gibson:

Mr. Brooks has asked me to assist him in this matter. This letter is to address the concerns you raised in your two faxes today. Please be advised that I am forwarding you a hard copy of the motion, brief and appendix thereto in today's mail as a courtesy, since you have indicated some difficulty in retrieving it.

Initially, I would like to direct your attention to the excerpts from your client's deposition and the Sept. 14 conference with the Court contained in the Appendix. In addition please note that Exhibit B of the Motion is Defendant's previously filed Demand for the Functional Capacity Exam. While we have attempted to schedule your client for both a Functional Capacity Examination and a Vocational Rehabilitation Evaluation consistent with your request that availability be confirmed through your office, you have been unresponsive to such attempts.

With regard to Ms. Dawson's deposition. I understand that the following dates were previously faxed to you, but that you failed to schedule our client for a deposition on any of these days: *December 14 (afternoon ), December 18 (afternoon), December 19 (all), 20 (all) and 21 (all) and December 22 (morning)*. With the holidays upon us, I can't confirm additional dates with Ms. Dawson at this time.

MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

November 28, 2006
Page 2

      Further, I am uncertain from your faxes whether Ms. Jordan has engaged you to represent her with regard to her appearance as a witness in this matter. Please clarify whether I am to treat you as her attorney such that further communication with her should be directed to your office. While I appreciate your offer to overlook what you have termed "defects" in her subpoena, we will re-notice her deposition for a date in the following week.

      Finally, should you wish to provide dates on which your client, Ms. Watts, will undergo a Functional Capacity Exam and a Vocational Rehabilitation Evaluation, and identify your expert so s/he may be deposed, we can then consider staying further action on the motion to compel. Until that time, we cannot in good conscience withdraw the motion.

      Thank you for your prompt attention to this matter.

                    MARKS, O'NEILL, O'BRIEN
                    &amp; COURTNEY, P.C.

                  By: _____
                    Norman H. Brooks, Jr.
NHBtjs                    Theodore J. Segletes, III

DE071175.1

# Message Confirmation Report

DEC-29-2006 03:27 PM FRI

Fax Number    :
Name          :  MARKS, O'NEILL-WILM

```
Name/Number   :   16105654358
Page          :   3
Start Time    :   DEC-29-2006 03:27PM FRI
Elapsed Time  :   00'23"
Mode          :   STD ECM
Results       :       [O.K]
```

EXHIBIT B-6

# KEVIN WILLIAM GIBSON, ESQUIRE
## GIBSON & PERKINS, P.C.
### Attorneys and Counselors at Law

Suite 105
200 East State Street
Media, PA 19063
kevingibson@gibperk.com

1326 King Street
Wilmington DE 19899
302.668.3992

| | |
|---|---|
| **TELEPHONE:** | 610.565.1708 Ext. 1 |
| **FAX** | 610.565.4358 |

## FACSIMILE MESSAGE

TO:      Norman Brooks, Esq
Fax:
FROM:    KEVIN WILLIAM GIBSON, ESQ
         kevingibson@gibperk.com

PAGES:   1 [Including cover sheet]

DATE:    December 29, 2006

Re:      Watts v Dawson.

**ORIGINAL WILL FOLLOW VIA:**
REGULAR MAIL ____    OVERNIGHT MAIL ___ HAND-DELIVERY
 **X   ORIGINAL WILL NOT FOLLOW**

## COMMENTS:

Mr. Brooks: If you do not voluntarily withdraw your Motion to Compel by the close of business January 2, 2006 and thereby cause me to have to reply I will seek Rule 11 Sanctions. The basis of my request for sanctions is that you have not filed any motions as required by FRCP 35 with the Court to conduct the examinations that you seek to Compel. Simply stated you can not seek to compel discovery that you have not requested as required by FRCP 35. I voluntarily let you conduct an IME of my client as I offered you this option prior to suit being filed. Also in your Motion you reference a court transcript [not attached as any exhibit] to the effect that Judge Sleet ordered us to conduct expert discovery prior to the January mediation. I do not recall the Judge stating anything to this effect and request that you immediately provide me with the transcript upon which you rely for this contention. Finally Ms. Jordon [a non party] advises that the required witness fee and one days "attendance" fee was not tendered with the subpoena as required by FRCP 45(b)(1). Thus I have advised her that she need not appear on January 3, 2006. Also Please fax me the Motion to Compel w/o Exhibits as I am having trouble accessing this document. kwg

The information contained in this facsimile message is attorney-client privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the US Postal Service.

**Exhibit C**

## Segletes, Theodore J.

**From:** Brooks Jr., Norman H.
**Sent:** Tuesday, January 23, 2007 9:15 PM
**To:** 'Kevin William Gibson'
**Cc:** NHB Team
**Subject:** FW: Activity in Case 1:06-cv-00165-GMS Watts v. Dawson Oral Order

Mr. Gibson:

This follows the Court's oral order below. I would like to take the deposition of Dr. Martin Bergman during the month of February. Please give me several dates during the month of February when both of you are available and I will promptly Notice the deposition and issue the subpoena. Thank you for your anticipated cooperation.

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

---

**From:** ded_nefreply@ded.uscourts.gov [mailto:ded_nefreply@ded.uscourts.gov]
**Sent:** Tuesday, January 23, 2007 4:03 PM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:06-cv-00165-GMS Watts v. Dawson Oral Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered on 1/23/2007 at 4:03 PM EST and filed on 1/23/2007
**Case Name:**       Watts v. Dawson
**Case Number:**     1:06-cv-165
**Filer:**
**Document Number:** No document attached

## Docket Text:
ORAL ORDER CANCELLING SETTLEMENT CONFERENCE: The Settlement Conference currently set for Thursday, January 25, 2007, at 10:00 AM in Chambers before Honorable Gregory M. Sleet HAS BEEN REMOVED from the court's calendar. The Settlement Conference will not be rescheduled. Instead, a Telephonic Scheduling Conference has been scheduled for Thursday, February 1, 2007, at 11:00 AM. Counsel NEED NOT APPEAR in person and counsel for plaintiff is directed to initiate the call to chambers at (302) 573-6470. An updated Joint Status Report shall be filed no later than the close of business on Monday, January 29, 2007. Ordered by Judge Gregory M. Sleet on 1/23/07. (ctd)

**1:06-cv-165 Notice has been electronically mailed to:**
Norman H. Brooks, Jr nbrooks@mooclaw.com
Kevin W. Gibson kevingibson@gibperk.com


**1:06-cv-165 Notice has been delivered by other means to:**

**EXHIBIT D**

**Segletes, Theodore J.**

| | |
|---|---|
| **From:** | Brooks Jr., Norman H. |
| **Sent:** | Tuesday, January 23, 2007 9:11 PM |
| **To:** | 'Kevin William Gibson' |
| **Cc:** | NHB Team |
| **Subject:** | RE: Watts v. Dawson |

Mr. Gibson:

I intend to take the deposition of Aetna's 30(b)6 witness, and Be Jordan. If you are interested in participating, please give me all dates that you are available during the second and third weeks of February. Thank you,

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

| | |
|---|---|
| **From:** | Brooks Jr., Norman H. |
| **Sent:** | Wednesday, January 03, 2007 3:23 PM |
| **To:** | 'Kevin William Gibson' |
| **Cc:** | NHB Team |
| **Subject:** | Watts v. Dawson |

Mr. Gibson:

I intend to take the deposition of Aetna's 30(b)6 witness. If you are interested in participating, please give me all dates that you are available during the second and third weeks of this month. Thank you,

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ELIZABETH WATTS,                    :
                                    :
                Plaintiff,          :
                                    :
        v.                          :    C. A. No. 1:06-CV-00165-GMS
                                    :
LOIS J. DAWSON, ESQUIRE             :
                                    :
                Defendant.          :

---

## CERTIFICATE OF SERVICE

---

I, <u>Theodore J. Segletes, III, Esquire</u>, of Marks, O'Neill, O'Brien & Courtney, P.C., hereby

certify that on this 29th day of January, 2007, that the Parties' **Rule 16 Joint Status Report**

**Modified as of January 29, 2007** was served upon the following counsel of record by electronic

filing and by 1st class mail:

> Kevin William Gibson, Esquire
> 1326 King Street
> Wilmington, DE 19899


> */s/ Theodore J. Segletes, III*
> Theodore J. Segletes, III, Esq. (ID No. 4456)
> *Attorney for Defendant*

DE075586.1

# MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

**PHILADELPHIA OFFICE**
1800 JFK BOULEVARD - SUITE 1900
PHILADELPHIA, PA 19103
(215) 564-6688
FAX (215) 564-2526

**NEW YORK OFFICE**
530 SAW MILL RIVER ROAD
ELMSFORD, NY 10523
(914) 345-3701
FAX (914) 345-3743

**MARYLAND OFFICE**
600 BALTIMORE AVENUE - SUITE 305
TOWSON, MD 21204
(410) 339-6880
FAX (410) 339-6881

ATTORNEYS AT LAW
SUITE 800
913 N MARKET STREET
WILMINGTON, DE 19801
————
(302) 658-6538
FAX (302) 658-6537

January 29, 2007

**NEW JERSEY OFFICE**
COOPER RIVER WEST
6981 NORTH PARK DRIVE - SUITE 300
PENNSAUKEN, NJ 08109
(856) 663-4300
FAX (856) 663-4439

**PITTSBURGH OFFICE**
707 GRANT STREET
GULF TOWER - SUITE 2600
PITTSBURGH, PA 15219
(412) 391-6171
FAX (412) 391-8804

**BUCKS COUNTY OFFICE**
10 SOUTH CLINTON STREET - SUITE 302
DOYLESTOWN, PA 18901
(267) 880-3696
FAX (267) 880-0545

NORMAN H. BROOKS, JR.
Member DE Bar
nbrooks@mooclaw.com

The Honorable Gregory M. Sleet
U. S. District Court
844 North King Street
Lock Box 19
Wilmington, DE 19801

    Re:    **Watts v. Dawson**
             **C. A. No. 1:06-CV-00165-GMS**
             **Our File No. 763-74879**

## Rule 16 Joint Status Report

Dear Judge Sleet:

    This letter is to advise you that Defendant's counsel forwarded a copy of the parties' Rule 16 Joint Status Report to Plaintiff's Counsel for his review and filing at 5:25 this evening (please see attached e-mail). Not having heard from Mr. Gibson, Defendant's counsel is filing a copy without Mr. Gibson's electronic signature with a Certificate of Service showing that it was served upon him electronicly and by 1st Class mail.

                Respectfully submitted,

                ___*/s/ Theodore J. Segletes, III*___
                NORMAN H. BROOKS, JR.
                THEODORE J. SEGLETES, III

NHB/tjs
Att.
Cc:    Kevin W. Gibson, Esq. via CM/EMF electronic filing.

DE075587.1

## Segletes, Theodore J.

| | |
|---|---|
| **From:** | Murphy, Michelle |
| **Sent:** | Monday, January 29, 2007 5:25 PM |
| **To:** | 'kevingibson@gibperk.com' |
| **Cc:** | Brooks Jr., Norman H.; Segletes, Theodore J. |
| **Subject:** | Watts v. Dawson / Revised Joint Status Report |

**Attachments:**     1-29-07 JOINT STATUS REPORT (DE075574).DOC

      Dear Mr. Gibson:  Please find attached a copy of Defendant's revisions to the Rule 16 Joint Status Report due today, for your review.  Please file the same with the Court at your earliest convenience.  Should you have any changes, please forward them to Messrs. Brooks and Segletes for their review.  Should you be unable to file this report by 6:00 this evening, we will file the attached.



1-29-07 JOINT
TATUS REPORT (D.

*Michelle Murphy*
*Secretary to Norman H. Brooks, Jr.*
*    & Theodore J. Segletes, III*
*Marks, O'Neill, O'Brien & Courtney, P.C.*
*(3020 658-6538*