**GP** **GIBSON&PERKINS PC**
Attorneys at Law

SUITE 105
200 E STATE STREET
MEDIA, PA 19063
610.565.1708
610.565.4358 [FAX]

DELAWARE OFFICE:
1326 KING STREET
WILMINGTON DE 19899
302.668.3992

Kevin William Gibson
Direct Dial 610.565.1708 Ext1
kevingibson@gibperk.com

Edward L. Perkins*
Kevin Gibson+
Arij Faruqi
Anish Patel*
Janice Matier*
Eric George*
Richard Welsh

OF COUNSEL:
Victoria Schutt*

*LLM in Taxation
+Admitted in Pa
and Delaware

February 20, 2007

Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington DE 19801
Via efiling and facsimile [only]

Re: Watts v Dawson 1:06-cv-165

Dear Judge Sleet:

On February 1, 2007 your Honor ordered the parties to submit this case to "good faith" mediation as soon as practical. As your Honor knows from receiving correspondence in this case, on February 7, 2007, the parties forthwith decided upon Carl Schnee, Esquire as a mediator and mediation was scheduled for this Friday February 23, 2007.

While I was away on a long holiday weekend I was shocked to return this morning to see that on February 13, 2007 Mr. Brooks served Plaintiff with 25 Interrogatories, 49 Requests for Production and 21 Requests for Admissions. On February 15, 2007 Mr. Brook's office emailed me asking for deposition dates for four witnesses to take place in the next 30 days. Obviously the timing of the written discovery would not require answers until after the mediation took place. The same is true for the requested deposition dates. The timing of this discovery is even more circumspect since your Honor recently entered an Order setting October 31, 2007 [8 months from now] as the discovery cut off date in this case.

The Plaintiff can only adduce two things from this flurry of discovery requests on the part of the Defendant. Either the Defendant is attending the mediation session this Friday in bad faith with no intent to resolve the case at mediation or, even more troubling, the file is being churned to create fees in the event the case were to resolve at mediation.

**GIBSON&PERKINS PC**
ATTORNEYS AT LAW

PAGE TWO
FEBRUARY 20, 2007

In our last conference the Court asked that the parties contact the Court by letter as opposed to Motions if a discovery dispute arose. Plaintiff considers the issuance of this recent discovery to be a "dispute" in that answering the discovery while at the same time trying to undergo a "good faith" mediation is counter productive from the Plaintiff's perspective. Thus the Plaintiff would ask that the Court issue an Order similar to the proposed form of Order attached hereto which will stay discovery for 30 days said 30 days to commence on February 23, 2007 the date the mediation is to take place.

The Plaintiff would also ask the Court to set a telephone conference before Friday and inquire of defense counsel the motivation in filing this immense amount of discovery eight months before the Court ordered close of discovery and on the eve of the required "good faith" mediation.

Very truly yours,

KEVIN WILLIAM GIBSON

Cc: Norman Brooks, Esq. [via email]

IN THE UNITED STATES DISTRICT COURT<br>OF DELAWARE

| | |
|---|---|
| ELIZABETH WATTS<br>3102 Ruby Drive<br>Wilmington, DE  19810<br><br>    Plaintiff<br><br><br>LOIS J. DAWSON, ESQUIRE<br>1525 Delaware Avenue<br>Wilmington DE 19806<br><br>    Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:  No. 1:06 – CV – 165 [GMS]<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### ORDER

And now this _____ day of _____ 2007, it is hereby ORDERED AND DECREED that discovery in this case is hereby stayed until March 23, 2007 so as to permit the parties to engage in good faith mediation. Any discovery issued in this case prior to the date of this Order will be deemed to have been served as of March 23, 2007 in the event the mediation is unsuccessful.

_____
J