## MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

| | | |
|---|---|---|
| **PHILADELPHIA OFFICE**<br>1800 JFK BOULEVARD - SUITE 1900<br>PHILADELPHIA, PA 19103<br>(215) 564-6688<br>FAX (215) 564-2526 | ATTORNEYS AT LAW<br>SUITE 800<br>913 N MARKET STREET<br>WILMINGTON, DE 19801 | **NEW JERSEY OFFICE**<br>COOPER RIVER WEST<br>6981 NORTH PARK DRIVE - SUITE 300<br>PENNSAUKEN, NJ 08109<br>(856) 663-4300<br>FAX (856) 663-4439 |
| **NEW YORK OFFICE**<br>530 SAW MILL RIVER ROAD<br>ELMSFORD, NY 10523<br>(914) 345-3701<br>FAX (914) 345-3743 | (302) 658-6538<br>FAX (302) 658-6537 | **PITTSBURGH OFFICE**<br>707 GRANT STREET<br>GULF TOWER - SUITE 2600<br>PITTSBURGH, PA 15219<br>(412) 391-6171<br>FAX (412) 391-8804 |
| **MARYLAND OFFICE**<br>600 BALTIMORE AVENUE - SUITE 305<br>TOWSON, MD 21204<br>(410) 339-6880<br>FAX (410) 339-6881 | April 2, 2007 | **BUCKS COUNTY OFFICE**<br>10 SOUTH CLINTON STREET - SUITE 302<br>DOYLESTOWN, PA 18901<br>(267) 880-3696<br>FAX (267) 880-0545 |
| | | NORMAN H. BROOKS, JR.<br>Member DE Bar<br>nbrooks@mooclaw.com |

The Honorable Gregory M. Sleet
U. S. District Court
844 North King Street
Lock Box 19
Wilmington, DE 19801

Re:   **Watts v. Dawson**
      C. A. No. 1:06-CV-00165-GMS
      Our File No. 763-74879

## Request for Teleconference

Dear Judge Sleet:

This follows my receipt of two very disturbing e-mail messages from Plaintiff attorney, Kevin Gibson, in the captioned matter. The very brief e-mail chain is attached as Exhibit A.

Following mediation with Carl Schnee, the parties reached an agreement to settle this claim in the amount of $100,000. By letter of March 30, I forwarded the settlement draft and a Stipulated Order of Dismissal to Mr. Gibson for signature and electronic submission to Your Honor for entry of the Stipulated Order. By e-mail sent 11:37 this morning, Mr. Gibson advised me that I forgot to sign the Stipulated Order of Dismissal, which I had prepared and sent to him. Mr. Gibson represented that he would not be forwarding anything to Your Honor as per my request.

About 40 minutes later, the undersigned replied to Mr. Gibson requesting that the original stipulated order be returned to me because, as Mr. Gibson pointed out to me, I had not signed it.

Rather than return the unexecuted document to me, Mr. Gibson replied with his very terse reply (attached) contending that "there is no such thing as an original for e-filing".

DE079589.1

MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

Judge Sleet
page 2

       Fifty-one minutes later, I again replied to Mr. Gibson clearly requesting that he return the original paper document to me so that I could execute the original and e-file it with the Court for ultimate entry by Your Honor. Rather than return the original, Mr. Gibson replied saying, "I'm done with you pal. In fact the last time I checked counsel for the defense does not file stips to dismiss". (Ex. A attached)

       Within a matter of minutes, Mr. Gibson e-filed the "Stipulated Order" with the Court, knowing that I had twice requested return of the document, and representing as an officer of the Court that I would execute and file the original. With this maneuver, the parties and the Court are now faced with his filing of a stipulated order, which I have not executed.

       Please consider this the undersigned's request for a teleconference to discuss this inappropriate filing and the remedy. Thank you for this consideration.

       Respectfully submitted,

       NORMAN H. BROOKS, JR.

NHB/mlm

cc: Kevin W. Gibson, Esquire

# Ex. A

**Brooks Jr., Norman H.**

---

From: Kevin William Gibson [KevinGibson@gibperk.com]
Sent: Monday, April 02, 2007 1:47 PM
To: Brooks Jr., Norman H.
Subject: Re: Stipulatiojn of Dismissal.pdf

I'm done with you pal. In fact the last time I checked counsel for the defense does not file stips to dismiss.

> ----- Original Message -----
> From: Brooks Jr., Norman H.
> To: Kevin William Gibson
> Sent: Monday, April 02, 2007 1:38 PM
> Subject: RE: Stipulatiojn of Dismissal.pdf
>
> Dear Mr. Gibson,
>             Thank you for another very curious note. Please return to me the original paper document that I sent to you, which you subsequently executed and scanned in to a pdf format. If you return to me the very same piece of paper that I mailed to you, which you have have already executed, I will execute it and file it with the court. Please let me know when I can expect to receive the original. Thank you for your attention to this. Very truly yours,
>
> Norman H. Brooks, Jr., Esq.
> 913 N. Market Street, Suite 800
> Wilmington, DE  19801
> (302) 658-6538
> F: (302) 658-6537
> nbrooks@mooclaw.com
>
> ---
>
> From: Kevin William Gibson [mailto:KevinGibson@gibperk.com]
> Sent: Monday, April 02, 2007 12:56 PM
> To: Brooks Jr., Norman H.
> Subject: Re: Stipulatiojn of Dismissal.pdf
>
> There is no such thing as an original for efiling. It is either an "e-signature" or a PDF with a signature.
>
> > ----- Original Message -----
> > From: Brooks Jr., Norman H.
> > To: Kevin William Gibson
> > Sent: Monday, April 02, 2007 12:19 PM
> > Subject: RE: Stipulatiojn of Dismissal.pdf
> >
> > Dear Mr. Gibson,
> >             Thank you for your very curious note. I can't imagine that an enclosure left this office unexecuted. That is the first time that something like that has ever occurred so I'm not sure how it happened. Please accept my sincere apologies for the oversight. If you'll be so kind as to return the original, I will execute and file it without delay. Please let me know when I can expect to receive the original. Thank you for your attention to this. Very

4/2/2007

truly yours,

Norman H. Brooks, Jr., Esq.
913 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
nbrooks@mooclaw.com

---

**From:** Kevin William Gibson [mailto:KevinGibson@gibperk.com]
**Sent:** Monday, April 02, 2007 11:37 AM
**To:** Brooks Jr., Norman H.
**Subject:** Stipulatiojn of Dismissal.pdf

Mr. Brooks: Contrary to your letter of March 30, 2007 and as you can see from the attachment hereto, you DID NOT send me a Stipulation of Dismissal signed by you. Our settlement agreement had none of the contingencies you list as a predicate for disbursement of funds so I will not be governed by your unilateral conditions precedent. The settlement check is being deposited into my IOLTA account today and the funds will be disbursed when the check clears. I will not be forwarding anything to Judge Sleet nor would I because maybe you forgot that pleadings are efiled. You continuing failure to grasp the basics of procedure amazes me. I will take any steps open to me to ensure that you never represent another lawyer defendant I sue. kwg

4/2/2007